JOHN H. TRAYNE vs. WINSLOW B. BOARDMAN.

Suffolk.   December 8, 1910. — January 9, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Deceit.   Fraud.   False Representations.*

At the hearing by a judge without a jury of an action of tort for deceit to recover damages for the sale of a mining claim to the plaintiff by the defendant through false and fraudulent representations, it appeared that the fraud was committed and that the mining claim was worthless; and there was evidence tending to show that because of the representations by the defendant the plaintiff had arranged with persons other than the defendant to advance for the purchase of the claim the price agreed upon between him and the defendant and that, upon receiving a deed of the claim, a corporation should be formed by the plaintiff and the persons other than the defendant, to which the plaintiff was to convey the mining claim in return for some shares of the capital stock of the corporation.   There also was evidence that one of such persons paid the purchase price to the defendant, and that the defendant thereupon conveyed the mining claim to the plaintiff, the plaintiff himself paying nothing to the defendant. The defendant asked the presiding judge to rule that, if the plaintiff had advanced no money, he could recover nothing, and that the action was premature because the plaintiff had not reimbursed the third person for the money the third person had advanced to the defendant.   The rulings were refused. There was a finding for the plaintiff, and the defendant alleged exceptions. *Held,* that the rulings were refused rightly; that there was evidence of substantial damage to the plaintiff because of the worthless character of the mining claim; and that the action was not brought prematurely since the damage accrued to the plaintiff as soon as he received the deed from the defendant.

TORT for deceit in the sale of a mining claim as stated in the opinion.   Writ in the Municipal Court of the City of Boston dated October 26, 1907.

On appeal to the Superior Court the case was heard by *Dana,* J.   The material facts are stated in the opinion.   The judge found for the plaintiff in the sum of $500; and the defendant alleged exceptions.

*W. A. Rollins,* for the defendant.

*W. H. Wood,* for the plaintiff.

KNOWLTON, C. J.   This is an action of tort for deceit, founded on the fraudulent representations of the defendant in regard to a mining claim sold by him to the plaintiff.   It is agreed that, for the purposes of this decision, the fraud is to be

taken as proved. Exceptions were taken to the refusal of the judge to give the following rulings requested by the defendant: "1. If the plaintiff has advanced no money he cannot recover anything in this action. 2. If the plaintiff has not repaid Ward he cannot recover anything in this action. The plaintiff's action is premature. 3. On all the evidence the plaintiff is not entitled to recover."

It appears that the plaintiff negotiated with the defendant for the purchase of a mining claim, and agreed to pay $500 for it. The deed of it was sent by the defendant to the plaintiff, attached to a draft for $500, to be paid on delivery of the deed. The draft was not paid, and afterwards $500 was sent by one Ward and the deed to the plaintiff was delivered. The evidence tended to show that this money was advanced by Ward, under an arrangement with the plaintiff, whereby a corporation was to be formed, the plaintiff turning over the mining claim, and Ward and others furnishing the $500 which the plaintiff was to pay the defendant for it, and the plaintiff was to receive a part of the stock in the corporation for furnishing the mining claim at this price. There is nothing in this arrangement that deprives the plaintiff of his right of action for the defendant's fraud. No question of law was saved in regard to the amount of his damages. It is fairly to be presumed that his arrangements with Ward and others, in reference to the proposed corporation, were such that he suffered substantial damages from the fact that the mining claim was worthless, as it seems to have been. If the defendant's representations had been true, it probably would have had a substantial value.

The plaintiff was the only one who entered into contractual relations with the defendant in regard to the mining claim, and the only one to whom the fraudulent representations were made.

The action was not prematurely brought. The plaintiff's damage accrued as soon as he received the deed, which should have given him a good mining claim, but was in fact, as we suppose, a worthless piece of paper.

*Exceptions overruled.*