ISABELLE C. BUTLER *vs.* CHARLES S. GLEASON.

Plymouth.    January 7, 1913. — March 31, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Physician. Release. Fraud. Evidence,* Presumptions and burden of proof. *Practice, Civil,* Conduct of trial: requests and rulings, Exceptions. *Waiver. Contract,* Rescission.

If, in an action for personal injuries sustained in a collision upon a highway, the defendant relies in defense upon a release and discharge from liability, and it appears that the defendant was the plaintiff's physician and that the plaintiff executed the release because he relied upon a statement by the defendant of his opinion as to the time within which the plaintiff would recover his health, which the plaintiff contends was false, the burden is upon the defendant to show that he acted in good faith, because the relation of a physician to his patient is one of trust and confidence, and commercial relations between them, where fraud or undue influence is charged, are viewed with jealousy and are scrutinized carefully.

At the trial of an action for personal injuries the defense relied on was a release and discharge of the defendant by the plaintiff, which the evidence of the plaintiff tended to show was procured through fraud of the defendant. The defendant contended that, by delay in making a tender to him of the money which he had paid as a consideration for the release, and by using that money, the plaintiff had waived his right to rescind the settlement and had reaffirmed it. At the trial the defendant did not ask for any specific instructions to that effect. At the close of the charge he did not call such contentions to the judge's attention. He did ask for a ruling, which was refused, that on all the evidence the plaintiff could not recover. At the argument of an exception by the defendant to the refusal of the general ruling asked for, it was *held,* that the contentions above described were open to the defendant, but, upon the facts shown by the evidence, such contentions were held to be without merit.

At the trial of an action for personal injuries the defense relied on was a release executed by the plaintiff and delivered to the defendant, who paid for it a certain sum of money, and who contended that the entire transaction was carried through by him in good faith. The plaintiff contended that the release was procured by fraudulent means. It appeared that two years after the release was given the plaintiff tendered to the defendant the money she had received from him and asked him to give up the release. The tender was refused. The plaintiff then used the money. There was evidence tending to show that the delay in making the tender after discovery of the defendant's alleged fraud was excusable and that the tender was made with reasonable promptness. *Held*, that it could not be ruled as a matter of law that the delay in making the tender and the use of the money by the plaintiff operated as a waiver of her rights to rescind, or as a confirmation of the settlement.

It is only where the facts attending a delay in action to enforce one's rights are not in dispute and are susceptible only of the inference that the delay was a waiver of such rights, that the question of what is a reasonable time within which such action must be taken can be determined as a matter of law.

Where, to maintain an action for personal injuries, the plaintiff must rely on an alleged rescission by him on the ground of fraud of a settlement made with the defendant in which the plaintiff received a sum of money from the defendant and gave him a release, and it appears that the defendant refused to accept a tender by the plaintiff of the money he had received in settlement and he insists at the trial of the action that the settlement was made in good faith, a further tender by the plaintiff at the trial is unnecessary; and, if the judge instructs the jury in substance that, if they find for the plaintiff, they shall credit the defendant in the assessment of damages with the amount paid by him in the attempted settlement, the defendant's rights are protected.

TORT for personal injuries received on July 18, 1905, in a collision of a carriage in which the defendant was driving with one in which the plaintiff was being driven. Writ dated June 1, 1909.

In the Superior Court the case was tried before *White*, J. The only defense relied on was that the plaintiff had released and discharged the defendant from all liability. The plaintiff contended and introduced evidence, described in the opinion, tending to show that the release was procured from her by fraud. It appeared that, about two years after the giving of the release, she tendered to the defendant the amount paid to her by him when she gave the release and asked to have the release returned to her, and that the defendant refused to receive the money or to return the release.

The other material facts in evidence are stated in the opinion.

At the close of the evidence the defendant asked the presiding judge to rule as follows:

"4. On all the evidence the plaintiff cannot recover."

"6. The plaintiff cannot rescind the settlement agreement and retain the money paid.

"7. The plaintiff cannot rescind the settlement agreement . without paying for such services, if any, as the defendant has rendered under it."

The rulings were refused. The defendant excepted to certain portions of the charge to the jury in which the judge in substance instructed them that if the plaintiff called upon the defendant "as preliminary to the signing of" the release and discharge, "to express his opinion [as a physician] as to her ability to return to her school in the fall, he was bound to render an honest opinion," and that, "if he made a mis-statement of his opinion, with the intention to mislead her, and she was misled by it, and thereby induced to" execute and deliver the release and discharge, that would be competent evidence for the jury to consider upon the question of whether the defendant procured the release by fraud. He also further charged the jury as follows: "Now if the plaintiff has sustained the burden of proving, by the fair weight of the evidence, that the doctor made to her a false statement of his then existing opinion upon facts as they then stood, it would be competent evidence for you to consider on the question of fraud, and from which you would or would not find fraud, according as your opinion determines. . If the plaintiff does not sustain the burden of proving that this was procured by fraud, then the defendant is entitled to his verdict."

The jury found for the plaintiff in the sum of $3,000; and the defendant alleged exceptions.

*E. F. McClennen,* for the defendant.

*N. Washburn,* for the plaintiff.

BRALEY, J. The defendant conceded at the trial, that the plaintiff's injuries, which upon the evidence the jury could find proved to be serious and of a permanent character, had been caused through his negligence while driving over a country road, by his carriage coming into collision with the carriage in which she was riding. But if ordinarily nothing would remain except the assessment of damages, the defendant has pleaded in bar a written instrument executed nearly a year after the accident whereby the plaintiff acknowledged the receipt of a certain sum "in full of all

demands to date and for full payment for all injuries and the result of injuries received." It was also stipulated as part of the consideration, that the plaintiff should receive medical treatment until she recovered. The instrument is free from ambiguity and, having been given in adjustment of a claim for unliquidated damages, the plaintiff, unless induced to make the settlement through the fraud of the defendant, has relinquished the right to further compensation.

During the period elapsing between the accident and the date of the agreement the defendant had been the plaintiff's attending physician upon whom she depended for medical advice. By training a school teacher, relying upon her calling for a livelihood, she testified, and the jury could have found, that upon partial recovery the defendant solicited a compromise and release of his liability, but was informed, that, having been re-elected, she desired to resume teaching in the fall. The amount at first offered and refused, was accompanied with the statement, that if not accepted, he would take the poor debtor's oath, and although her sufferings had been alleviated, the plaintiff had not been restored to health. It was only after his positive assurance that she would be able to return to the school, and in reliance upon it, that the agreement was then perfected, and the amount increased. A recovery to the extent assured did not follow, and the course of events has since shown, that the plaintiff is seriously crippled for life.

The defendant maintains, that the representation was merely an encouraging statement not intended as anything more than the expression of a hopeful expectation, which does not constitute actionable deceit. But the relation of a physician to his patient is necessarily one of trust and confidence, and commercial transactions between them where fraud or undue influence is charged, are viewed by the courts with some jealousy, and are carefully scrutinized. *Woodbury* v. *Woodbury*, 141 Mass. 329, 331, 332. *Old Colony Trust Co.* v. *Bailey*, 202 Mass. 283. *Dent* v. *Bennett*, 4 Myl. & Cr. 269. *Allen* v. *Davis*, 4 DeG. & Sm. 133. If he solicits and procures a conveyance to himself of the property of his patient, whether by way of gift or of purchase, the burden, where the good faith of the transaction is attacked, rests upon him to show, that the patient's confidence has not been abused, and that undue influence has not been exerted. It is not sufficient that the patient

knew what he was doing, but the question is how the intention was produced. *Woodbury* v. *Woodbury,* 141 Mass. 329. *Zeigler* v. *Illinois Trust & Savings Bank,* 245 Ill. 180. *Cadwallader* v. *West,* 48 Mo. 483. *Huguenin* v. *Baseley,* 14 Ves. 273. *Dent* v. *Bennett,* 4 Myl. & Cr. 269. *Lyon* v. *Home,* L. R. 6 Eq. 655.

The plaintiff's right of action existed at common law, and was a valuable and enforceable demand. It would be a complete nega-tion of the confidential relations between the parties, if at the moment of decision when urged by the defendant to enter into a contract comprising matters relating to her physical welfare and restoration to normal health, the plaintiff, without the slightest intimation from him that for the time being they were negotiating on the footing of bargainors, must rely on her own judgment and could not place any dependence on his medical opinion or permit herself to be influenced by his unqualified assurance and repre-sentation of a recovery which would enable her again to take up her occupation. The ultimate purpose of the defendant and the means used by him for its accomplishment were questions of fact. The jury were warranted upon the evidence in finding, that the defendant made the statement to persuade and induce the plain-tiff to do an act which he wished to have done in order to avoid the payment of adequate compensation for the wrong which he had inflicted, and that it was not intended as an honest expression of his belief or opinion as a physician.

It also was a question of fact, even if the evidence apparently warranted but one conclusion, whether the plaintiff to her damage acted upon her belief in the truth of the representation. A self serving and false representation having been made for his own pecuniary advantage with the intention that it should be believed and acted upon by the plaintiff, to whom he stood in a confidential relation, and the plaintiff because of her belief in him having been misled and induced to act against her own interests, the judge could not have ruled as matter of law, that the release or acquit-tance was conclusive and unimpeachable. *Litchfield* v. *Hutchinson,* 117 Mass. 195. *Kurinsky* v. *Lynch,* 201 Mass. 28, 33, and cases cited. *Huntress* v. *Blodgett,* 206 Mass. 318. *Trayne* v. *Boardman,* 207 Mass. 581. *Comstock* v. *Livingston,* 210 Mass. 581. *Kean* v. *New York Central & Hudson River Railroad,* 210 Mass. 449. *Ginn* v. *Almy,* 212 Mass. 486.

It is further urged in argument, that the attempted rescision by a tender of the consideration in money was not within a reasonable time, and that with knowledge of the defendant's fraud, the plaintiff having used the money, there has been a reaffirmance of the settlement. The defendant did not ask for any specific instructions on these points, or at the close of the charge, which is fully reported, call them to the attention of the trial judge. But while open under the first request, that "on all the evidence the plaintiff cannot recover," they are without merit. It was a question of fact in view of her prolonged and fluctuating illness which ensued, and the trust reposed in the defendant as her medical adviser who continued to attend her, whether she acted with reasonable promptness. It is only where the facts are not in dispute, and are susceptible of but a single inference, that the question of what is a reasonable time in which a party must act or be barred of his rights, can be determined as matter of law. *Barrie* v. *Quinby*, 206 Mass. 259, 264. *Spoor* v. *Spooner*, 12 Met. 281, 285. *Hill* v. *Hobart*, 16 Maine, 164. *Wingate* v. *King*, 23 Maine, 35. The expenditure of the money, the jury also could say, was before she fully realized the hopelessness of a full recovery, or had comprehended the defendant's deception. If waiver is the relinquishment of a known right, then, where the party if aware of his rights would not be bound to performance, affirmance of a contract by his conduct must be shown to have been with knowledge of those rights, or he is not precluded from reliance on the conditions existing when the alleged contract was made. *Whiteside* v. *Brawley*, 152 Mass. 133. *Earnshaw* v. *Whittemore*, 194 Mass. 187. *Anvil Mining Co.* v. *Humble*, 153 U. S. 540.

It is contended lastly, that the action must fail because no tender was made at the trial. But, if the enforcement of the plaintiff's cause of action depended upon an offer to return the consideration as far as possible, this had been done prior to bringing suit, and the defendant refused acceptance of the money. The refusal, and the nature of the defense as presented and insisted upon, were sufficient to enable the jury to have found, that he had taken a position where a further tender would have been but a vain and idle ceremony. *Gilman* v. *Cary*, 198 Mass. 318, 319. It is true, that, notwithstanding the defendant's declination, the plaintiff should not be permitted to recover double damages to the extent

of the money received, or of the value of the defendant's services subsequently rendered. The jury, however, were properly instructed, that in the assessment of damages they were to credit the defendant with, not only the money paid, but the fair value of his medical attendance, and it is to be assumed that the verdict represented the amount remaining after making these deductions.

We are of opinion for the reasons stated, that the rulings requested could not have been given, and no error appears in the instructions in so far as they were excepted to and have been argued.

*Exceptions overruled.*