Louisa S. Holbrook, executrix, *vs.* Mary J. Seagrave & another.

Worcester.   April 13, 1917. — July 3, 1917.

Present: Loring, Braley, De Courcy, Pierce, & Carroll, JJ.

*Witness. Attorney at Law. Probate Court,* Trial of issues by jury on appeal, Exceptions. *Evidence,* Opinion, Of mental capacity, Of undue influence, Presumptions and burden of proof.

A single justice presiding at the trial before a jury in the Supreme Judicial Court, on an appeal from a decree of the Probate Court allowing the will of a woman,

of issues relating to the execution and validity of the will, in the exercise of his discretion may permit an attorney at law who drew the will and who has made the opening statement to the jury in behalf of the proponent of the will to testify as a witness for the proponent, although such practice is not to be commended.

At the trial above described, an opinion as to the capacity of the testatrix, formed by one of the attesting witnesses who had not previously known the testatrix after talking with the other attesting witnesses subsequently to the time of the execution of the will, where such witness states that she has no opinion based solely upon what she observed at the time the will was signed, is not admissible in evidence.

It appeared that the trial above described occupied four days. The appellants excepted to the exclusion of certain evidence in the nature of declarations by the testatrix, which was offered to show affection or dislike of the testatrix for certain relations and her interest in her church and in a charitable corporation. The bill of exceptions did not purport to contain all the material evidence at the trial. *Held,* that the exceptions must be overruled because it did not appear that the exclusion of the evidence was an improper exercise of the discretion of the presiding justice in the exclusion of declarations of the testatrix remote in time, trivial in importance or merely cumulative.

No exception lies to a refusal to give as an instruction to a jury a ruling requested which is argumentative in form and relates only to a part of the evidence upon the subject of which it treats.

It is a reasonable inference from the fact that a testator voluntarily signed a will that he knew its contents.

A request for an instruction to a jury involving three or more independent subjects properly may be refused for that reason.

At the trial above described, there was evidence tending to show that the chief beneficiary under the will was a sister of the testatrix and that her husband was the attending physician of the testatrix, that the will was executed at a hospital to which the testatrix had been taken by such physician, that he consulted with the hospital physician and visited her while there, and that the testatrix died at the hospital nineteen days after the will was executed. *Held,* that while the mere existence of confidential relations between the physician and the testatrix would not prevent the physician's wife from being a recipient of the bounty of the testatrix and the jury might find that the provision made for her sister by the testatrix was not induced by any undue influence exerted by the physician, nevertheless the contestants were entitled to have the jury instructed that the law views with jealousy relations of this nature between a physician and his patient, especially where the patient is enfeebled by disease.

At the trial above described, there was no issue framed, and the contestants did not ask for any rulings, with reference to the conduct of the attorney who drew the will, on the theory that he was acting as agent for the chief beneficiary; and the presiding justice instructed the jury that no question arose as to whether the will was procured to be made by the attorney. The contestants alleged an exception to this portion of the charge. *Held,* that the exception must be overruled.

Where, after a jury has retired and the justice who presided at the trial has gone to his home, the jury return and ask for further instructions which the Chief Justice of the court, who was not present at the trial, gives to them subject to

exceptions of one of the parties, such exceptions cannot be considered by this court on a bill of exceptions allowed by the justice who presided at the trial; but must be presented by a bill allowed by the Chief Justice.

APPEAL from a decree of the Probate Court for the county of Worcester allowing the will of Harriette A. Whitmore.

Issues, described in the opinion, were framed and the case was tried before *Crosby*, J. It appeared that the testatrix was taken to the Memorial Hospital at Worcester at the suggestion of her physician, Silas P. Holbrook, husband of Louisa S. Holbrook, the principal beneficiary under the will, on September 8, 1915, that the will was executed on September 28 at the hospital, three hospital nurses being witnesses, and that the testatrix died there on October 17, 1915. Other material evidence, the course of the trial, requests of the appellants for rulings and rulings by the single justice and exceptions by the appellants are described in the opinion.

The portions of the charge to which the appellants' nineteenth exception related was as follows: "There has been some suggestion in the argument in reference to the acts of Mr. Brady, the attorney who made this will, some suggestion with reference to his conduct in this matter. In reference to that, gentlemen, I want to say that no question arises in this case as to whether this will was procured to be made by Mr. Brady, and you should leave that out of the case. There is no question raised upon these issues concerning any influence which may have been exercised if any by Mr. Brady. The sole question in this case is upon this question whether this will was procured to be made by reason of undue influence of either the doctor or Mrs. Holbrook, and nobody else. That is the only question. Those are the only persons whose influence is to be considered in connection with answering this third question."

The issues were answered favorably to the proponents of the will; and the appellants alleged exceptions.

The case was argued at a special sitting of this court on April 13, 1917.

*A. E. Seagrave,* (*F. W. Morrison* with him,) for the appellants.

*E. H. Vaughan,* for the executrix.

DE COURCY, J. Harriette A. Whitmore died October 17, 1915; and this is a contest over her will, which was executed on September 28, 1915. The trial by jury in the Supreme Judicial Court

was on the usual issues of execution, soundness of mind and undue influence. The verdict sustained the will, and the case is before us on exceptions taken by the contestants in the course of the trial.

1. There were seven exceptions relating to the admission of evidence. The first exception was to the refusal to exclude from the witness stand the attorney who drew up the will, on the ground that he had made the opening statement to the jury. While such a practice by an attorney is not to be commended, it was within the discretion of the single justice to permit the witness to testify. *Potter* v. *Ware,* 1 Cush. 519, 523. The second exception was as follows: One of the attesting witnesses was asked, "Have you an opinion as to whether Mrs. Whitmore was of sound and disposing mind and memory on the twenty-eighth of September formed since that date and formed on things you then and there saw and heard?" She answered, "Yes, after talking with other nurses;" but that she did not know Mrs. Whitmore, and had no opinion based solely upon what she observed at the time the will was signed. The witness then was asked her opinion, but on objection it was excluded. Such opinion of the testator's capacity formed subsequently to the time of executing the will was not admissible. *Williams* v. *Spencer,* 150 Mass. 346. Exceptions three, four, five, six and seven are to the exclusion of offers of evidence in the nature of declarations by the testatrix to show the affection or dislike of the testatrix for certain relatives, her interest in her church and in the Daughters of the Revolution. While some of this evidence, standing alone, might tend to throw light on the mental condition of the testatrix, we cannot say that there was error in its exclusion. Much must be left to the discretion of the presiding judge in excluding declarations of the testatrix that are remote in time, trivial in importance or merely cumulative; and the bill of exceptions does not purport to contain all the material evidence heard during the four days trial. Besides, it was admitted by the proponents in the presence of the jury that the testatrix had an extreme affection for her sister Mrs. Capron, who was not a contestant.

2. Exceptions numbered eight to eighteen inclusive are to the refusal to give certain instructions requested by the contestants. The eighth selected and stated in argumentative form a part of the evidence relative to the attorney who wrote the will. The

justice was not obliged to instruct the jury in the form requested. *Richardson* v. *Bly,* 181 Mass. 97. The latter part of request nine belonged with the eighth, and had the effect of an argument rather than a statement of law when attached to the proposition dealing with the knowledge by the testatrix of the contents of the will. As to the main portion of the request, it is to be presumed from the execution of the will that the testatrix knew the contents, unless affirmative evidence to the contrary was introduced. *Dunham* v. *Holmes,* 225 Mass. 68, 72. The testimony of the subscribing witnesses went far enough to show that the testatrix understood that she was executing her will. Request ten involved three or more independent subjects and was objectionable on that ground. The chief element, calling attention to the physical and mental condition of the testatrix, as bearing on her susceptibility to undue influence, was covered by the charge.

The eleventh and twelfth requests expressly, and the fourteenth inferentially, called attention to the confidential relation of patient and physician existing between the testatrix and Dr. Silas P. Holbrook, husband of the principal beneficiary under the will. There was evidence that he was her attending physician before she went to the hospital; and that he consulted with the hospital physician and visited the testatrix while she was an inmate. Although the contestants were not entitled to instructions in the exact form proposed, they were entitled to have the law on this subject stated to the jury, in view of the facts disclosed as to the physician's conduct and interest. The mere existence of such confidential relation would not as matter of law prevent the physician, much less his wife, from being the recipient of the bounty of the testatrix, and the jury might find that the provision made by the testatrix in favor of her sister Mrs. Holbrook was not induced by any influence exerted by Dr. Holbrook. Nevertheless the contestants were entitled to have the jury instructed as to the jealousy with which the law views transactions of this kind between physician and patient, especially when the patient is enfeebled by disease. *Woodbury* v. *Woodbury,* 141 Mass. 329. *Phillips* v. *Chase,* 203 Mass. 556. *Butler* v. *Gleason,* 214 Mass. 248. As no instructions were given to the jury on this subject matter, the exceptions to the refusal to give the requests eleven and twelve, in form or substance, must be sustained.

In view of this result there is no occasion to discuss the remaining requests at length. The thirteenth was objectionable in form, and the general subject of undue influence was adequately treated in the charge. The same is true of the fifteenth. The sixteenth was not called for, as all the attesting witnesses testified before the jury. See *Baxter* v. *Abbott*, 7 Gray, 71. The matters embraced in the two remaining requests were amply dealt with in the instructions to the jury.

3. The nineteenth exception to a portion of the charge is overruled. If the contestants desired instructions with reference to the conduct of Mr. Brady on the theory that he was acting as the agent of Dr. or Mrs. Holbrook, they should have made written requests therefor.

4. After the justice who presided over the trial had gone to his home, the Chief Justice, who was not present at the trial, at the request of the jury, gave them further instructions, and an exception was taken to this action. Without intimating that there is any merit in the objection, it cannot be considered on this bill of exceptions. The Chief Justice was presiding at the trial when this exception was taken; and a bill of exceptions setting it forth could be allowed by him alone, except in circumstances not here existing. R. L. c. 173, § 108.

As already appears, all the exceptions taken at the trial must be overruled except those to the refusal to give in form or substance the eleventh or twelfth requests for instructions. In consequence of that refusal the entry must be

*Exceptions sustained.*