THOMAS WALSH vs. FORE RIVER SHIPBUILDING COMPANY.

Suffolk.   March 22, 1918. — May 21, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Release. Physicians and Surgeons. Contract, Validity. Evidence, Presumptions and burden of proof. Practice, Civil, Ordering verdict.*

At the trial of an action by an employee against his employer, a corporation, for personal injuries, the plaintiff admitted that, nearly three weeks after he was injured, he received money from the defendant and signed an instrument purporting to release and discharge it from all claims relating thereto and that he understood the contents of the instrument. There was evidence tending to show that, immediately after his injury, the plaintiff received first aid treatment in the accident room of the defendant's works from a physician in its employ, that shortly afterwards the plaintiff was removed to a hospital, that about a week later the defendant's physician called there and on that and on two subsequent occasions talked with the plaintiff, who knew that he was the defendant's physician, on the subject of a settlement with the defendant, making to the plaintiff, as an inducement for him to consummate a settlement, certain statements as to his opinion of the early date and probable completeness of the plaintiff's recovery, and that the plaintiff at his suggestion wrote to him a letter regarding settlement. There was no evidence that the defendant's physician ever gave the plaintiff any treatment after the first aid treatment, or that his statements of his opinion as to the plaintiff's recovery were made fraudulently or in bad faith or that the plaintiff's condition when he signed the release and received money therefor was such as to make him incompetent to act. A verdict was ordered for the defendant. *Held,* that the verdict was ordered rightly.

In the action described above, it was *held* that the evidence did not warrant a finding that the relation of physician and patient, or any relation of trust and confidence, existed between the defendant's physician and the plaintiff.

In the same case it was *pointed out* that there was nothing to indicate that the statements of the physician were other than statements of his honest opinion given in accordance with his best professional judgment based on existing symptoms.

TORT for personal injuries received by the plaintiff on March 25, 1912, while in the employ of the defendant. Writ dated June 19, 1913.

The defendant, besides a general denial, set up as a defence the instrument which is quoted in full in the opinion.

The case was tried before *Chase,* J. The material evidence is described in the opinion. At the close of the evidence the judge

ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. B. Grant,* (*F. W. McEnery* with him,) for the plaintiff.

*J. W. McAnarney,* (*P. G. Carleton* with him,) for the defendant.

CROSBY, J. The plaintiff was injured on March 25, 1912, through the alleged negligence of the defendant, by whom he was employed, and on April 17, 1912, executed and delivered to the defendant a written instrument a copy of which is as follows:

"Received of Fore River Shipbuilding Co. this 17th day of April, 1912, the sum of Two Hundred and fifty Dollars in full satisfaction and discharge of all claims accrued or to accrue in respect of all injuries or injurious results, direct or indirect, arising or to arise from an accident sustained by me on or about the 25th day of March, 1912, while in the employment of the above. This release is given with the understanding that the Fore River Shipbuilding Company will pay my hospital and treatment bills and that they will have me continued on the benefit list of the Accident Association until I am able to resume work, or until the amount of benefits reach the limit paid by the Accident Association.

Thomas Walsh   (Seal)

Witness:
    G. H. Poirier, M. D.
    W. H. Blanchard, M. D."

Immediately after the plaintiff was injured he received first aid treatment in the accident room at the defendant's works from Dr. Blanchard, a physician in the defendant's employ and in charge of its hospital; about an hour later he was taken by train to Grace Hospital in Boston, where he thereafter was treated by physicians connected with that hospital; within two or three days Dr. Blanchard came to the hospital and talked with him with reference to a settlement for the injuries which he had sustained, and about a week later again called and talked with the plaintiff with reference to a settlement; the plaintiff testified that the doctor came to the hospital three times before April 17, 1912, and talked with him respecting a settlement, and that on the third occasion "he said write to him, to the company, in regards to settlements;" that he (the plaintiff) wrote a letter to Dr. Blanchard and that the

latter came to see him on April 17, and the release was signed. The plaintiff testified in substance that on each occasion when he talked with the doctor at the hospital the latter told him he would be all right in ten weeks and able to go to work and that his leg would be "just as good as ever;" that on the day he signed the release Dr. Blanchard told him all hospital bills would be paid by the company, that he would have a job for life with the defendant, and that he would have the benefits of accident insurance. And further, that on each occasion when Dr. Blanchard called to see him he was suffering acute pain as the result of the treatment of his injured leg.

It is the contention of the plaintiff that he is not bound by the release because of his condition when it was signed, and also, because it was procured by the fraud and false representations of Dr. Blanchard, upon whose statements he relied; and that his relation to the doctor was one of trust and confidence.

On June 10, 1913, the plaintiff's attorney tendered to the defendant the sum of $250 with interest, and requested a return to the plaintiff of the release.' The defendant refused to accept the money or the tender or to return the release. The record shows that in addition to the $250 paid the plaintiff the defendant paid hospital bills for the plaintiff's treatment amounting to $846.09. That amount has not been paid or tendered to the defendant.

There was no evidence that the defendant's physician, Dr. Blanchard, treated the plaintiff aside from the first aid treatment rendered immediately after the accident; it appeared that on each subsequent occasion when the doctor saw him it was solely with reference to a settlement for the plaintiff's injuries; and that the plaintiff knew Dr. Blanchard was the defendant's physician and was acting for it in the matter of a settlement. There is nothing to show that the plaintiff had any right to rely on the statements of the doctor or that the relation of physician and patient existed between them or that there were any relations of trust and confidence between them. In this respect, the case of *Butler* v. *Gleason*, 214 Mass. 248, cited and relied on by the plaintiff, is clearly distinguishable.

Apart from the treatment administered by Dr. Blanchard on the defendant's premises, the plaintiff was treated by other physicians, and it does not appear that he did not have ample

opportunity to consult with them respecting his condition and prospects of recovery if he desired their opinions. The statements made by the doctor during the negotiations for settlement — that the plaintiff would recover from his injuries in ten weeks and would be permanently cured at the end of that time — were made in good faith; at least there is nothing in the record to indicate that such statements were made fraudulently or that they were other than the honest opinion of the physician given in accordance with his best professional judgment based on existing symptoms. *McNamara* v. *Boston Elevated Railway*, 197 Mass. 383. *Nelson* v. *Minneapolis Street Railway*, 61 Minn. 167. *Eccles* v. *Union Pacific Railway*, 7 Utah, 335. *Houston & Texas Central Railroad* v. *McCarty*, 94 Texas, 298. *Vandervelden* v. *Chicago & Northwestern Railway*, 61 Fed. Rep. 54. Cases which have held that it was for the jury to determine whether a release had been obtained by false representations are distinguishable from the case at bar, as in the present case there was no evidence which would warrant a finding that the release was procured by fraud or false representations. *Freedley* v. *French*, 154 Mass. 339. *McNicholas* v. *Prudential Ins. Co.* 191 Mass. 304. *Greene* v. *Corey*, 210 Mass. 536. *Comstock* v. *Livingston*, 210 Mass. 581. *Butler* v. *Gleason*, *supra*.

There is no evidence to warrant a finding that any false representations were made as to the contents of the release or that they were fraudulently concealed from the plaintiff. *Drohan* v. *Lake Shore & Michigan Southern Railway*, 162 Mass. 435.

The plaintiff contends that he was in great pain during all the time after he was injured until the release was signed. Nearly three weeks elapsed between the time when the first talk was had with reference to a settlement and the date of the release, and in the meantime the plaintiff had written to Dr. Blanchard respecting it in accordance with the latter's request. The plaintiff does not deny that he signed the release, nor contend that he did not understand its contents, and the testimony would not warrant a finding that his condition was such that he was incompetent to act at that time. *McNamara* v. *Boston Elevated Railway*, *supra*. *Farnum* v. *Brooks*, 9 Pick. 212, 220.

The presiding judge rightly directed the jury to return a verdict for the defendant, and the entry must be

*Exceptions overruled.*