## MAUD I. LANIGAN *vs.* WILLIAM R. SCHARTON.

Middlesex.   March 15, 1921. — May 26, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Exceptions, Findings by judge.   *Attorney at Law.   Release.   Evidence,* Competency.

In an action by a woman against an attorney at law to recover a balance alleged to be due to the plaintiff of money received by the attorney in payment of a judgment in an action in which he represented the plaintiff, there was evidence that the attorney was paid $10,449.43 in full payment of the judgment; that subsequently, by his authority in his office, the defendant's brother told the plaintiff that she could have a check for $5,199.22 when she signed a release of all demands running to the defendant which also was shown her; that she was told that the charge for the defendant's services was $5,000, to which she objected; that about two weeks thereafter the plaintiff called again at the defendant's office, executed the release and received the check.   The plaintiff testified that she had made an agreement with the defendant that his charge would not exceed ten per cent of the amount recovered.   The trial judge found that, when the release was executed, the relation of attorney and client existed between the parties; that there was no agreement for a charge for services as alleged by the plaintiff and that a fair charge for the defendant's services was $2,500; and ruled that the defendant, by requiring the plaintiff to give him the release as a condition precedent to his paying to her money which he held and was in duty bound to pay her, committed a breach of his fiduciary obligations to her and that the release was not fairly and honestly obtained and was of no force and effect.   *Held,* that

(1) This court had no jurisdiction to review the finding of fact by the trial judge, based upon sufficient evidence to warrant the finding, that when the release was executed the relation of attorney and client existed between the parties;

(2) As the plaintiff's attorney, the defendant could not in the proper performance of his duty insist that before she received any of the money due she must agree to release him from all demands;

(3) As a matter of fact, a finding was warranted that the execution and delivery of the release was made a condition precedent to delivery of the check for $5,199.22, and that the release was not fairly and honestly obtained;

(4) Evidence relating to what was said in the defendant's office when the release was signed plainly was admissible.

CONTRACT upon an account annexed for $4,199, the balance alleged to be due of a sum received by the defendant in settlement of a judgment in an action in which the defendant acted as attorney for the plaintiff.   Writ dated February 15, 1917.

The defendant filed an answer containing a general denial and alleging payment and a release under seal.

In the Superior Court, the action was heard by *Hammond*, J., without a jury. Evidence described in the opinion was admitted, subject to exceptions by the defendant, relating to what was said in the defendant's office by the plaintiff and the defendant's brother when the release set up in the answer was signed. Other material evidence and the findings of fact and rulings made by the judge are described in the opinion. The judge found for the plaintiff and assessed damages at $2,500 with interest from December 12, 1915; and the defendant alleged exceptions.

The printed record is entitled "Defendant's Exceptions." At the close of the bill of exceptions is the following statement:

"From the above rulings and findings the defendant duly appealed.

"The defendant being aggrieved by the court's rulings on the admission of evidence, by refusing to rule as requested and by the improper rulings and findings made prays that this, his bill of exceptions, be allowed."

The bill was allowed. No judgment was entered.

*J. F. Barry,* for the defendant.

*T. E. Flanagan,* for the plaintiff.

CARROLL, J. The defendant acted as counsel for the plaintiff in an action brought by her against her husband's father for alienation of affections, in which a verdict was returned in her favor for the sum of $22,500. This amount was reduced by the trial judge to $10,000, who ordered a new trial unless the plaintiff remitted all above that sum. The plaintiff so remitted and the case went to judgment. On December 4, 1915, the defendant received $10,-449.43 in full payment of the judgment. The next day he wrote the plaintiff, asking her to call at the office and receive her money. She promptly called and was shown a check to her order for $5,199.22 which the defendant's brother told her she could have on signing a release to the defendant of all demands. The release was shown her at this time and she was informed that the defendant's charge for services was $5,000. On December 23 she again called at the defendant's office, signed the release and received the check. The plaintiff testified that she made an agreement with the defendant that his charge would not exceed ten per cent of the amount recovered.

The case was heard by a judge of the Superior Court, who

found that there was no such agreement, that the plaintiff knew the contents of the release when she signed it and was not deceived into supposing it was something else, and that no false representations were made to her.   He further found that by the defendant's authority the execution and delivery of the release was a condition precedent to receiving the check, and that she supposed from what was said to her that unless she accepted the check in settlement of the full amount she was to receive, and executed the release, the defendant would not pay her the sum of $5,199.22; and although at first refusing to sign because of her objection to the amount of the defendant's charge, she finally executed it in order to obtain the check.   The judge also found that at this time the relation of attorney and client existed between the parties, and ruled that the defendant, by requiring the plaintiff to give him the release as a condition to his paying to her the money which he held and was in duty bound to pay her, committed a breach of his fiduciary obligations to her, that the release was not fairly and honestly obtained and was of no force and effect.   He found that a fair charge for the defendant's services was $2,500 and judgment was ordered for the plaintiff in that sum with interest from December 12, 1915.

In our consideration of the case we deal with the record on the assumption that exceptions were properly taken to the rulings of the judge, and that the case is before us on a bill of exceptions.

If the relation of attorney and client existed between the defendant and the plaintiff when the release was given, the defendant occupied a position of trust and confidence which he could not abuse or take advantage of for his own profit.   The business dealings of an attorney with his client should not " be viewed as a mere commercial transaction where ordinarily each must beware of the trading ability of the other, and the advantage would remain with the more skilful bargainer." *Manheim* v. *Woods,* 213 Mass. 537, 542.   It was a question of fact whether this relation existed when the release was given, and as there was sufficient evidence to support the finding, we have no jurisdiction to review it.   See *Puffer Manuf. Co.* v. *Yeager,* 230 Mass. 557; *Baxter* v. *New York, New Haven & Hartford Railroad,* 214 Mass. 323.   It was not questioned that the sum of $5,199.22 was due the plaintiff, and that she objected to the amount of the defendant's bill.   As her attorney, the defendant could not in the proper performance of his duty, insist

that before she received any of the money due, she must agree to release him from all demands. A client cannot be compelled to surrender her rights. She is entitled to act freely and without coercion. Admittedly something was due her, and to insist that nothing should be paid until she consented to the defendant's terms and released him from all obligations, was to oblige her to agree to the price fixed by him before she received anything, and was entirely inconsistent with the relation and the duty he owed her. *Manheim* v. *Woods, supra. Butler* v. *Gleason,* 214 Mass. 248, 253, and cases cited. The plaintiff knew the contents of the release when she signed it and no false representations were made to her; but because of the position taken by the defendant and the statements made, she was not free to act, but was compelled to accept the defendant's terms. As a matter of fact, the judge was warranted in finding that the release was subject to the condition imposed by the defendant and was not fairly and honestly obtained; there was no error of law in the ruling given.

The bill of exceptions states that certain requests for rulings were refused. The record does not show what these requests were and we do not discuss them. No question of pleadings is open on this record. The evidence relating to what was said in the defendant's office when the release was signed was plainly admissible.

*Exceptions overruled.*