PHILLIP D. NUTT *vs.* TALBOT ALDRICH.

Suffolk.    March 4, 1929. — May 28, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Release,* Validity. *Fraud.*

A contention, by the plaintiff in an action of tort against his employer for personal injuries, that an instrument under seal, executed by him and purporting to release the defendant from any liability for the

injuries, was not a bar to the action because it was procured by fraud and deceit of an agent of a liability insurance company, was not sustained by evidence which showed merely that the agent had falsely stated to the plaintiff before he signed the instrument that the defendant was insured under the workmen's compensation act, that the plaintiff's claim came under the act, and that the release was a waiver of all rights against the insurance company but did not discharge the defendant, where it appears that the instrument was executed by the plaintiff at an interview at which the plaintiff's physician and the agent were present, that the plaintiff testified that the physician read the release to him before he signed it and that it was witnessed by the agent and the physician.

TORT for personal injuries. Writ dated May 19, 1926.

In the Superior Court, the action was tried before *McLaughlin,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*E. T. Doherty,* for the plaintiff.

*K. C. Parker,* for the defendant.

CROSBY, J. This is an action to recover for personal injuries, received by the plaintiff, in consequence of being kicked by a horse owned by the defendant. At the close of the evidence the defendant filed a motion for a directed verdict in his favor, which was granted subject to the plaintiff's exception. The case is before this court upon a report of the presiding judge. All the material evidence is contained in the report. It is agreed that if the action of the judge in directing a verdict was right, judgment is to be entered for the defendant on the verdict; but if the case should have been submitted to the jury, judgment is to be entered for the plaintiff in the sum of $7,500.

The plaintiff had been employed as a farm laborer by the defendant for about four years before July 14, 1925, the day he was injured. On October 6, 1925, in consideration of the payment to him of $900, he executed a release, under seal, of the defendant from any liability arising from the injuries. It is the contention of the plaintiff that the release was procured by fraud, deceit and undue influence. There was evidence tending to show that one Scigliano was employed as an investigator by a liability insurance company and was assigned to investigate the accident which resulted in the

plaintiff's injuries; that Scigliano interviewed the plaintiff on different occasions, the last time being at the office of Dr. Rice, the plaintiff's physician, and at that time a settlement was made, the release was executed, and $900 was paid by Scigliano to Dr. Rice with the plaintiff's consent in writing, wherein it was agreed that after deducting the amount of certain specified expenses, the doctor should pay the balance to the plaintiff; and that this had been done. The plaintiff testified that Dr. Rice read the release to him before he signed it and that it was witnessed by Scigliano and the doctor. There was no evidence to warrant a finding of any fraud, deceit or false representations as to the contents of the release, nor that they were concealed from the plaintiff.

It is the plaintiff's contention that he is not barred by the release as Scigliano had falsely stated to him that the defendant was insured under the workmen's compensation act; that the plaintiff's claim came under the act; and that the release was a waiver of all rights against the insurance company but did not discharge the defendant. If the jury believed these statements were false and that the plaintiff understood he was releasing the insurance company and not the defendant, it would not affect the validity of the release, which, upon its face, is a release of the defendant. The release was read to the plaintiff by his physician. He is presumed to have known its contents. There is no evidence that he did not have full knowledge that it was a release of the defendant. It is no defence to a release that a person signing it neither read it nor understood its import, in the absence of false representations or concealment as to its contents. *McNamara* v. *Boston Elevated Railway*, 197 Mass. 383, 385, 386. *Secoulsky* v. *Oceanic Steam Navigation Co.* 223 Mass. 465. *Walsh* v. *Fore River Shipbuilding Co.* 230 Mass. 89, 92. *Alemian* v. *American Express Co.* 237 Mass. 580. *Costello* v. *Hayes*, 249 Mass. 349, 356. *Willett* v. *Herrick*, 258 Mass. 585, 595. *McKenney* v. *Boston Elevated Railway*, 259 Mass. 28.

There was no evidence whatever that the plaintiff was induced to sign the release by reason of undue influence exercised upon him by Dr. Rice, Scigliano or any other person.

As the release is a bar to the maintenance of the action, other questions presented on the record need not be considered.

In accordance with the terms of the report the entry must be

*Judgment for the defendant on the verdict.*