PATRICK GRIFFIN vs. NEW YORK, NEW HAVEN AND
HARTFORD RAILROAD COMPANY.

Suffolk.   March 9, 16, 28, 1932. — June 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Negligence,* Employer's liability, Railroad. *Jurisdiction. Pleading, Civil,*
Replication, Denial of signature. *Release. Evidence,* Presumptions
and burden of proof. *Interstate Commerce. Practice, Civil,* Election.
*Waiver.*

Evidence for the plaintiff, at the trial of an action against a railroad cor-
poration by one of its employees, a freight handler, for personal injuries
sustained when the plaintiff's leg went through the wooden floor of a
freight car in which he was working and which was under the defend-
ant's control, showing merely that there was no hole in the floor before
the accident; that there was nothing about the floor at that place to
attract attention; and that the floor "looked all right," did not war-
rant a finding of negligence on the defendant's part, even if the jury
disbelieved evidence that the car was duly inspected, since it did not
appear that the defective condition of the floor of the car could have
been discovered and remedied by the exercise of reasonable care by
the defendant: whatever inferences might have been drawn from the
accident itself were overcome by the plaintiff's evidence, by which he
was bound.

The defendant in the action above described having pleaded in its answer
that the plaintiff had executed and delivered to it a release under seal
of his cause of action, a replication filed by the plaintiff, wherein he
denied "that he ever signed a release of the defendant," did not fulfill
the requirements of a denial under G. L. c. 231, § 29; and at the trial
the plaintiff's signature on the release must be taken as admitted,
although the signature was by the plaintiff's mark and he testified
that he did not sign the release.

The burden was upon the plaintiff in the action above described to prove
a further allegation in his replication that, if he ever signed the release,
it was procured by false and fraudulent representations; and therefore,
in the absence of evidence to support such allegation, the release was
binding on him.

The declaration in the action above described contained a count based
on general negligence of the defendant, two counts under the em-
ployers' liability act, G. L. c. 153, § 1, and a fourth count, based on
negligence of the defendant in interstate commerce, under the Federal
employers' liability act, 35 U. S. Sts. at Large, Part I, 65, as amended
by 36 U. S. Sts. at Large, Part I, 291. Assuming that the plaintiff had
not waived the fourth count, it was *held,* that he was barred of recov-
ery under each count both by want of proof of negligence and by the
release.

A statement by the plaintiff at the close of the evidence at the trial above described, that he relied on the first three counts in the declaration, was interpreted by this court as a waiver of the fourth count based on the Federal employers' liability act.

It *was stated* that, notwithstanding the waiver by the plaintiff of the count under the Federal employers' liability act, if the evidence clearly showed that the cause of action arose in connection with the interstate commerce of the defendant, he could not recover on the first three counts; but that mere testimony by a witness for the plaintiff, that the goods which the plaintiff was handling at the time of the accident came from a foreign country and were destined to a town in this Commonwealth, was not binding upon the plaintiff so as to show as a matter of law that the plaintiff then was engaged in interstate commerce: such testimony in effect was renounced by the plaintiff when he waived the fourth count of the declaration.

TORT. Writ dated September 18, 1926.

The pleadings, and material evidence at the trial in the Superior Court before *C. H. Donahue,* J., are described in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*J. B. Wenzler,* for the plaintiff.

*H. Lawlor,* for the defendant.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff while employed as a freight handler by the defendant through its negligence and that of those for whose conduct the defendant was responsible. There were four counts in the plaintiff's declaration. The first charged as the cause of the plaintiff's injuries general negligence of the defendant, its servants and agents; the second, a defective condition of the ways and works used by the defendant in its business, which had not been discovered and remedied owing to the negligence of the defendant or of some one by it entrusted with duty in that respect; the third, negligence of one in the employ of the defendant exercising superintendence; and the fourth, negligence of the defendant in connection with interstate commerce conducted by the defendant. Thus it appears that the first count was founded on the common law; the second and third counts, on the employers' liability act of this Commonwealth, G. L. c. 153, § 1, and the fourth count, on

the employers' liability act enacted by Congress with respect to interstate commerce, Act of April 22, 1908, c. 149, 35 U. S. Sts. at Large, Part I, 65, as amended by Act of April 5, 1910, c. 143, 36 U. S. Sts. at Large, Part I, 291.

The evidence in its aspect most favorable to the plaintiff tended to show that he was a freight handler of about eleven years' experience in working "off and on" for the defendant, that he was at work at the time of his injury for the defendant as one of a gang of five men in loading bales of sisal weighing five hundred sixty pounds each from Pier 5 of the Boston Freight Terminal, into a box freight car, and that there had been three bales trucked into the car before the accident. The door of the car through which the bales were trucked was wide open. The plaintiff testified that the back door was half open and half closed, and that when he went to open that door so that there would be plenty of light his leg went through the floor at about a foot and a half from the back door and he was injured; that the floor was made of wood and "looked all right to me"; that he could not say whether "the car was N. & W. #62328 but thought it was a B. & A. car"; that the accident happened at about half past ten in the forenoon of a cool day in January, and that he was fully acquainted with the way the work was being done. There was further testimony introduced by the plaintiff that there was no hole in the floor before the accident, that there was nothing about the floor at that place to attract attention, that on examination of the hole after the accident it was a "ragged hole with rough edges," and that the defendant furnished material with which the hole was repaired either by members of the gang or by the cooper. There was no evidence having a tendency to the contrary.

The defendant introduced in evidence a release under seal of the cause of action set forth in the declaration purporting to be signed by the plaintiff.

There was no evidence to support a finding of negligence on the part of the defendant. There was evidence that the car, which on the testimony of the plaintiff did not belong to the defendant, was duly inspected. Although that

might have been discredited by the jury, there was nothing to indicate that reasonable inspection would have revealed any defect. The plaintiff testified that the floor looked all right to him; and one of his witnesses, that there was nothing about it to arouse the attention of an observer. The defendant was under a duty arising from the fact that it was in possession and control of the car and used it as a part of its works. *McNamara* v. *Boston & Maine Railroad*, 202 Mass. 491, 494, 496. *D'Almeida* v. *Boston & Maine Railroad*, 209 Mass. 81, 86. But there is no evidence tending to show that the defective condition of the floor of the car could have been discovered and remedied by the exercise of reasonable care by the defendant. Inferences that might flow from the accident itself are met and overcome by the positive testimony introduced by the plaintiff, by which he is bound. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. *Silano* v. *Carosella*, 272 Mass. 203, 206. *Downing* v. *Jordan Marsh Co.* 234 Mass. 159. *Towne* v. *Waltham Watch Co.* 247 Mass. 390. *Murphy* v. *Furness-Withy & Co. Ltd.* 259 Mass. 394. *O'Brien* v. *Boston & Maine Railroad*, 265 Mass. 527.

The defendant in its answer pleaded among other defences that the plaintiff executed and delivered to it a release under seal of the cause of action set forth in his declaration. The plaintiff filed a replication containing a denial "that he ever signed a release of the defendant." This was not a compliance with G. L. c. 231, § 29, wherein it is provided that "A signature to an instrument" declared on as a cause of action or set forth as a ground of defence "shall be taken as admitted unless the party sought to be charged thereby files in court . . . a specific denial of the genuineness thereof and a demand that it shall be proved at the trial." *Spooner* v. *Gilmore*, 136 Mass. 248. *Scholl* v. *Gilman*, 263 Mass. 295, 298. The circumstance that the release was signed by a mark is of no consequence in this connection. *Nutt* v. *Aldrich*, 267 Mass. 193, 195. Hence, the signature of the plaintiff to the release must be taken to be admitted notwithstanding his testimony to the effect that he signed no release. The release according to its

terms was a complete bar to the plaintiff's cause of action. *Klopot* v. *Metropolitan Stock Exchange*, 188 Mass. 335. *Radovsky* v. *Wexler*, 273 Mass. 254.

The plaintiff also pleaded that, if he ever signed the release, it was procured by false and fraudulent representations. The burden of proving this allegation was on the plaintiff. There was no evidence to support it. *Greene* v. *Corey*, 210 Mass. 536. *McNamara* v. *Boston Elevated Railway*, 197 Mass. 383. The release required the direction of a verdict in favor of the defendant.

The plaintiff at the conclusion of the testimony "stated that he relied on counts 1, 2 and 3 in the declaration." The fair interpretation of this statement appears to us to be that he intended to waive count 4 based on the Federal employers' liability act.

If we are mistaken in this view and the statement was not intended to be the equivalent of a waiver of his rights under that count, what has already been decided shows that the plaintiff could not recover on that count. There can be no recovery under that act without proof of negligence of the defendant; and a release under seal given by a plaintiff without fraud must bar his claim under that act.

As we construe the record, it means that the plaintiff elected to place his case wholly on the theory that his cause of action arose while he was engaged exclusively in the commerce of the defendant conducted within this Commonwealth, and not in its interstate or foreign commerce. *Armburg* v. *Boston & Maine Railroad*, 276 Mass. 418. Notwithstanding the waiver by this plaintiff of his count under the Federal employers' liability act, if it should appear that the evidence clearly showed that the cause of action arose in connection with the interstate commerce of the defendant, he could not recover on the first three counts of his declaration. *Corbett* v. *Boston & Maine Railroad*, 219 Mass. 351. Therefore we take note of the point.

The relevant evidence disclosed on the record is the following: A witness called by the plaintiff testified on his redirect examination that he had charge of the bills of lading for the sisal which was being loaded at the time,

and "that the sisal came from Java, in the East Indies, and was destined to North Plymouth, Massachusetts." There was no other evidence on this subject. If this testimony were believed, doubtless the plaintiff, being engaged in assisting in the direct transfer of imported goods from the pier to the railroad and loading them in a car of the defendant, was engaged in the commerce regulated by the Act of Congress of April 22, 1908, c. 149 (see especially § 1), 35 U. S. Sts. at Large, Part I, 65, as amended, and must seek remedy for his injury solely under that act. *Baltimore & Ohio Southwestern Railroad* v. *Burtch,* 263 U. S. 540, 543. *Baltimore & Ohio Southwestern Railroad* v. *Settle,* 260 U. S. 166. *Hughes Brothers Timber Co.* v. *Minnesota,* 272 U. S. 469.

The plaintiff by calling this witness did not thereby become bound by his testimony. He was at liberty to ask the jury to disregard it. *Haun* v. *LeGrand,* 268 Mass. 582, 584, and cases cited. The case cannot be decided as matter of law on the faith of that isolated testimony. The plaintiff's election to discontinue his count on the Federal employers' liability act was in effect a renunciation by him of the testimony of that witness.

It follows that no error of law is disclosed on this record.

In accordance with the terms of the report, the entry may be

*Judgment on the verdict.*