Pettingell,
J. Action of contract by a constable to recover fees for service of process and for other services rendered the defendant, an attorney at law. The trial *230 judge specifically found as fact that the plaintiff and the defendant entered into an agreement that the plaintiff was to 'serve writs for the defendant but was not to make any charge for such service unless the defendant received pay for the same from his clients or collected the same from the debtors sued; he then found for the defendant.
The error alleged is the refusal of the trial judge to give seven requested rulings which he denied 1 ‘ as inapplicable to the facts found.”. Three of the seven, the 8th, 10th, and 11th, which had. to do with the right of a constable to recover fees, and the amount of such fees were correct statements of law but were clearly inapplicable to the facts specifically found, that there was an agreement not to look to the defendant for such fees unless the defendant himself collected them, either from the debtors or from the creditors.
Three other requests, the 5th, 6th and 7th, relate to the duty which the defendant as attorney at law had to collect such fees. The trial judge found as fact that the defendant had paid the plaintiff all such fees actually collected by the defendant. He found also, that the plaintiff and the defendant performed other services for each other for which neither intended to charge and did not charge, and that the plaintiff had access to the defendant’s books and from time to time billed the defendant for the items of service which appeared on the defendant’s books as having been paid, and received pay for the same.
The whole picture presented by the findings of the trial judge is that of a law office which had associated with it a complaisant constable, who, in return for all the work in his line which the law office had, agreed to serve all its processes and other legal items and to do all other acts within his capacity, receiving as compensation free legal advice and such fees as the attorney was able to collect.
*231 The fact that, when he became constable and at later times, he was also a client of the attorney, does not place upon the attorney a particular duty to conduct his office with the plaintiff’s interests as a standard of duty. In the service of writs and other process the relation of the parties was not that of attorney and client but that of employer and employee. The controlling duty of the attorney was that owed the clients whose claims he was collecting. Whether or not he was under an obligation to enter writs served by the plaintiff was determined by the interests of the creditors and not by those of the plaintiff who had agreed not to charge for the service if no money was collected. There was no error in the denial of these requests which set up a standard of duty for the defendant incompatible with the real duty owed by him.
The plaintiff seriously contends that there was prejudicial error in the denial of the third ruling requested which required the trial judge to rule that the agreement between the parties by which the plaintiff was not to charge for services made for which the defendant was not paid, was void unless the plaintiff “had independent legal advice,” he being the client of the defendant.
The facts as found by the trial judge were that the plaintiff, then a client of the defendant, was advised by the defendant to apply for appointment as a civil constable. He did so and then made the agreement in question. The plaintiff contends that, following Israel v. Sommer, Mass. Adv. Sh. (1935) 1989, at 1997, 1999, the agreement is void. That case, however, is a proceeding in equity, in which the court is dealing with the report of a master and has the right to draw its own inferences from the facts reported by him. Dondis v. Lash, 277 Mass. 477, at 482; Conlin Bus Lines v. Old Colony Coach Lines, 498, at 502. The court there found that the facts reported by the master did not war *232 rant the conclusion of the master that the plaintiff, an attorney at law, was entitled to enforce his agreement with his client. By that agreement the plaintiff, the attorney, was to receive a substantial portion of the client’s estate, the agreement being one which no competent, careful attorney would have advised a client to execute. In the case at bar, the plaintiff executed an agreement which was no more beneficial to the defendant than to the plaintiff. It took nothing from the plaintiff in the way of property or of right. He could have abandoned it at any time. It may even have been of benefit to him as the defendant rendered services to him and incurred expense in his behalf for which the plaintiff was not called upon to pay. Whether the plaintiff was misled by the defendant, or was improperly induced by him to enter into the agreement, and whether the agreement was harmful or detrimental to the plaintiff, were all questions of fact. Manheim v. Woods, 213 Mass. 537, at 543, 544; Butler v. Gleason, 214 Mass. 248, at 251, 252. The plaintiff’s third request, moreover, does not contain any statement limiting the ruling requested to contracts of. a harmful or detrimental nature, but requires the trial judge to rule as matter of law, that any contract of the kind described was void if the defendant did not have “independent legal advice.” Whether or not it was void was a matter of law depending upon the presence of facts not contained in the ruling requested. The trial judge was not obliged to find as fact, even, that the relation of attorney and client existed when the agreement was made, Hill v. Hall, 191 Mass. 253, at 264, Lanigan v. Scharton, 238 Mass. 468, at 470. The denial of the ruling in question was not error.
No prejudicial error appearing the report is to be dismissed.