Pettingell, P. J.
Action of tort in which the plaintiff sues to recover for personal injuries and property damage resulting from a collision of his automobile with that of the defendant. There was a trial with a finding for the defendant. The plaintiff filed certain requests for rulings all of which were allowed. The requests for rulings filed by the defendant were not acted upon. The plaintiff claimed a report as to certain alleged errors herein set forth.
The first claim of error relied upon by the plaintiff is the admission of several questions asked a witness by the defendant in cross examination and the reception of the answers thereto. The witness, a passenger in the plaintiff’s car, was herself a plaintiff in another action against the defendant in this case which was being tried with the case at bar.
*322 The-witness was asked if-she' had brought suit against the present .plaintiff. Her answer was that she had. She was then asked if. -she knew whether the plaintiff at the time of the accident had done “something he shouldn’t have done”. To this she replied, “One of the two drivers must be wrong.” In answer to a further inquiry if the plaintiff didn’t “do something wrong”, she replied, “I don’t know exactly who was more wrong, my driver or the other driver. ’ ’ When asked further what it was that the plaintiff “did that was wrong”, -she said, “He goes in street in the middle of the road and the other fellow comes in the middle of the road”.
The only argument of the plaintiff touching the inadmissibility of this testimony is that found in his brief which states, the evidence as being that the'witness “was allowed further to state that she had brought suit against the plaintiff because the plaintiff herein ‘did something he shouldn’t have done’ and that ‘he did something wrong’ ”. The brief then stresses the point that the testimony of the witness' “.against her operator, herein* was incompetent The rights of the plaintiff .in. this case against the defendant herein should have been considered on its own merits without regard to whether or not one of his passengers was making-claim against him for damages arising out of the same accident. The opinion of the witness as to whether or not the plaintiff did something ‘wrong’ or was to blame in a case of' a collision is incompetent”. This- is not a fair statement of' the testimony of the witness or the issue involved.
The plaintiff then cites as authority for his position two cases .which on examination prove to be wholly irrelevant.
, From the statement in the report that the witness was under cross-examination by the defendant, it is apparent that she had.been called by the plaintiff. She was present at' the accident and in a position to give a first hand picture of *323 what took place. In view of what had gone before in direct examination, it was proper for the defendant to fix positively her status as a witness. “Reasonable cross-examination for the purpose of showing falsity of other testimony of the witness or bias or prejudice on her part is matter of right.” Commonwealth v. Russ, 232 Mass. 58, at 79. Commonwealth v. Sansome, 252 Mass. 71, at 74. The defendant had, also, the right to have her testify as to her interest in the litigation as a party adverse to the plaintiff or the defendant. Her explanation of her action against the plaintiff as well as that against the defendant was that one of the two operators must have been “wrong”. She had a right to have her claim against each defendant judicially determined. Then counsel for the defendant asked her what it was that the plaintiff did that was wrong. Her answer, perfectly responsive, was that both operators were driving in the middle of the road.
At no time did she give opinion evidence as to the plaintiff’s driving. Her statement that the accident happened because “one of the two drivers must be wrong” was her ^explanation for suing the plaintiff as well as the defendant, and when asked what the plaintiff did that was wrong, she stated the fact that both drivers were operating in the middle of the road.
The cross examination was within the control of the trial judge. As to the extent of an examination, the matter was within his discretion. McLaughlin v. Municipal Court, Roxbury District, 308 Mass. 397, at 404; so, also, was its scope as to irrelevant and collateral matters. Guiffre v. Carapezza, 298 Mass. 458, at 460. The inquiry in question, (however, was not as to irrelevant or collateral matters. iThe witness was an eye-witness of the accident and the defendant had a right to ask her on cross-examination regarding the events which had happened within her view. *324 Such opinion evidence as was given was merely her way of describing facts within her observation, and as such was admissible. Commonwealth v. Sturtevant, 117 Mass. 122, at 133, 137. Ahearn v. Boston Elevated Railway, 194 Mass 350, at 355. Robinson v. Springfield Street Railway, 211 Mass. 483, at 485. McGrath v. Fash, 244 Mass. 327, at 329.
There was no prejudicial error in the admission of the /questions and answers objected to.
The plaintiff’s other claim of error follows the action of the trial judge in reopening the case to hear evidence after it was once closed and while the defendant’s attorney was arguing. The trial'judge stopped the defendant’s attorney in his argument when the latter argued a certain matter which had not then been put in evidence. The trial judge (next re-opened the case and allowed the attorney to take the stand to testify as to the matter thus excluded, after which he permitted him to resume his argument. It is to be noted that the plaintiff, although objecting to this procedure, did not ask for a continuance in order to rebut the evidence thus offered. There is no allegation of such a. request or of error in its denial.
The procedure objected to by the plaintiff is, under usual circumstances thoroughly reprehensible. No attorney, ex> cept under most unusual circumstances, should testify in an action in which he is acting as an attorney. No attorney should argue in a case in which his own testimony is to be passed upon by the court. It would be more seemly, if he had to testify, to waive the argument and many judges so insist when such an emergency arises. Nevertheless, there may be circumstances where such procedure may be material and necessary. District Court Buie 25 (1940 Ed.) provides that it may be allowed by special leave of the court. -Buie 108 of the Superior Court has a similar provision. It *325 is, permissible, therefore, by leave of the court. The action of the trial judge in permitting the procedure questioned imported an observance of Rule 25, and that the procedure was by leave of court. Regan v. Keyes, 204 Mass. 294, at 305. Murphy v. Hanright, 238 Mass. 200, at 204. Goldman v. Adlman, 291 Mass. 492, at 496, 497. Gallagher v. Wheeler, 292 Mass. 547, at 551. Gill v. Stretton, 298 Mass. 342, at 345.
The situation complained of has arisen in cases which have been passed upon by the Supreme Judicial Court; in each case heard, it has been held that the procedure in question did not constitute prejudicial error. Potter v. Ware, 1 Cush. 519. Holbrook v. Seagrave, 228 Mass. 26, at 29. Barker v. United States Fidelity & Guaranty Co., 228 Mass. 421, at 426, 427.
Although an attorney should never be given leave to testify except under unusual conditions and only to promote the ends of justice, we cannot find any rule of law or any decided case which compels us to rule that the procedure in this case constituted prejudicial error. The report is to be dismissed.