### MOSES W. SNAILHAM *vs.* ALFRED ISHERWOOD.

Bristol.    October 25, 1889. — March 31, 1890.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Trust — Fraud — Settlement — Sale — Apportionment of Consideration.*

A trustee of letters patent for himself and two others agreed to assign one third interest to each on demand, and subsequently sold the patent, together with other property and rights, for a lump sum. By a concealment of material facts he succeeded in inducing each to agree to settle with him for one sixth of what he received for the patent alone, and a settlement was made with one of them on that basis.  *Held,* that such one was entitled to avoid the settlement as a whole, and to recover from the trustee one third of the entire sum received by him for the patent and other property.

BILL IN EQUITY, filed in the Superior Court on January 28, 1888, to set aside a settlement between the parties, and a receipt then given by the plaintiff to the defendant, as procured by the latter's false and fraudulent representations.    The case was heard upon the pleadings and evidence, by *Dunbar,* J., who reported it for the determination of this court, in substance as follows.

The bill alleged that the plaintiff and the defendant, and one Arnett, on or about January 1, 1881, entered into an agreement jointly to invent and perfect an improvement in loom temples, and to share equally in the ownership and profits of the invention; that the defendant should apply for letters patent on the improvement, which were to be issued to him in his own name, and should hold the same when issued in trust for the benefit of the plaintiff, of Arnett, and of himself, and, " on their demand, should assign to them jointly or separately a one-third interest to each "; that in pursuance of the agreement letters patent were applied for by the defendant, and duly issued in the name of the defendant, but in trust for the joint benefit of the three; that the plaintiff had asked the defendant to assign to him a one-third

interest in the letters patent, and the defendant refused to make the assignment; and that the defendant had sold and assigned the letters patent to a third person unknown to the plaintiff, and had refused to disclose such person to the plaintiff, or to render an account to him of the moneys received or profits realized for or on account of such letters patent.

The answer alleged that the defendant invented an improvement in loom temples, and agreed that, if the plaintiff and Arnett would assist him in making working models of the same, he would obtain letters patent, and share with them in the proceeds of the same when disposed of; that subsequently the defendant sold the letters patent and an improvement thereon, and all other improvements he might ever make in loom temples,.to the Dutcher Temple Company for the lump sum of $5,800; that no sum was fixed on at such sale for the letters patent alone; and that the parties afterwards made a settlement, by which the plaintiff was to receive one sixth of the amount received by the defendant for the patent alone, according to the judgment of the treasurer of that company, or of eight hundred dollars. A replication, filed by the plaintiff, averred that he was induced to enter into such settlement, by which he received $135, by the false and fraudulent representations of the defendant that the latter received only eight hundred dollars for the patent; that the defendant received five thousand dollars for the same; and that the plaintiff had paid the $135 into court for the use of the defendant.

There was evidence that the plaintiff, the defendant, and Arnett, being equally interested in an invention for an improvement in loom temples, entered into the agreement of January 1, 1881; that the patent was issued in October, 1882, to the defendant, and thereafter, on February 27, 1883, the defendant licensed the temple company to use the patent on payment of a royalty to him; that on July 1, 1885, the defendant assigned in writing the patent and an improvement thereon, as well as such other improvements as he might make in the future, to that company for the lump sum of $5,800; that in November, 1885, the plaintiff and Arnett brought a bill in equity identical with the present bill, to which the defendant answered, denying that they had any interest in the invention patented by him or right

to share in the profits thereof; that on or about December, 1885, a settlement was had between the parties, in which the plaintiff and Arnett agreed to receive each one sixth of what the defendant received for the patent alone; that at that time the defendant declined to tell the plaintiff what he got for the patent; that subsequently the defendant told the plaintiff that he received only eight hundred dollars for the patent, and showed him the portion of a letter from the treasurer of the temple company, reciting that the writer was of opinion that the patent was worth only that sum, that the plaintiff did not understand that the eight hundred dollars was the part of a larger sum including other things, and nothing of the kind was ever said to him; that the plaintiff thereupon took from the defendant $135 in full settlement, and signed a receipt to that effect; that the plaintiff upon making the settlement intended, if he ever found out that the defendant got more than eight hundred dollars, to bring suit against him again; and that afterwards the defendant settled with Arnett and paid him one thousand dollars. At the hearing on the issue of fraud, the defendant was present and did not testify.

The judge found that the allegations of the bill were true; that the settlement and receipt were obtained by the defendant by means of false and fraudulent representations made by him to the plaintiff as to the amount received by him for the letters patent; and made a decree that the settlement and receipt should be set aside, and deemed to be null and void, "except in so far as they relate to the fractional share of the profits of said patent which the plaintiff was to receive under the terms of said settlement," and that the defendant should pay to the plaintiff one sixth of $5,800, or $966.67.

*H. M. Knowlton*, for the plaintiff.

*W. C. Parker*, for the defendant.

C. ALLEN, J. The plaintiff's bill alleges that at the outset it was agreed between the parties that the defendant should hold the letters patent, when issued, for the benefit of the plaintiff and Arnett as well as of himself, and on their demand should assign one third interest to each, but that he afterwards sold the same. At the hearing, the allegations of the bill were found to be true. It appears by the further pleadings, that a settlement of the plaintiff's claim for a share of the proceeds of

such sale was afterwards made, whereby the plaintiff received the sum of one hundred and thirty-five dollars, and that he thereupon executed a receipt in full to the plaintiff; and this bill is brought to set aside the settlement and receipt, on the ground that the defendant obtained the same through fraud. It was found by the court that the plaintiff was induced by the defendant's fraud to make the settlement and give the receipt, and it was thereupon decreed that the same be set aside and be deemed null and void, "except in so far as they relate to the fractional share of the profits of said patent which the plaintiff was to receive under the terms of said settlement." A final decree was entered, awarding to the plaintiff $966.67, being one sixth part of the sum received by the defendant upon the sale of the letters patent, together with improvements already made or to be made on the invention covered thereby.

Upon the report, there appear to be three questions now to be determined: 1. Whether the evidence was sufficient to authorize the finding of fraud on the part of the defendant. 2. If so, whether the effect of that finding should be to set aside the whole settlement, or whether the agreement to accept one sixth part of the sum received should stand as an independent agreement, unaffected by the fraud. 3. Whether the plaintiff is entitled to a fractional share of the whole sum received by the defendant, or only of such part thereof as may be found to be the value of the letters patent alone.

1. The finding of fraud was well authorized by the evidence. There was a manifest concealment of material facts. The defendant occupied a position of trust towards the plaintiff. Good faith on his part was necessary. *Cheney* v. *Gleason*, 125 Mass. 166, 176. It might well be found that the plaintiff was intentionally misled by the defendant in making the settement.

2. We are unable to discriminate between the different steps or stages of the negotiations for a settlement, and to hold one part valid and the other invalid. The agreement by the plaintiff to accept one sixth of what the defendant received, instead of one third, is not to be taken by itself alone, but it is to be regarded rather as only one step in the progress of the settlement. Though this fractional proportion was accepted as the basis of a settlement, it was not the settlement itself, and if the settle-

ment itself failed through the defendant's fraud, the preliminary agreement failed also. Before the settlement was completed, the fraudulent conduct of the defendant intervened, which had the effect to entitle the plaintiff to avoid the settlement as a whole, including the preliminary agreement. The whole negotiation looked to one final result, namely, the settlement of the controversy. That settlement being avoided by reason of the defendant's fraud, he is not entitled to hold on to the benefit of a preliminary agreement, which was merely intended as a basis of the settlement.

3. It was the duty of the defendant, in case he should sell the patent, to sell it for a price by itself, and to keep it separate from other property or rights in which the plaintiff was not interested. By virtue of his agreement, the defendant held the letters patent in trust, and if upon a sale he accepted a lump sum for that and other property, it is impossible to determine how much the trust property brought; and ordinarily under such circumstances a trustee is not entitled to call upon the court to apportion the consideration. *International Trust Co.* v. *Boardman*, 149 Mass. 158. *National Bank* v. *Insurance Co.* 104 U. S. 54, 67. In the present case, there is no reason for departing from the usual course, and the plaintiff is entitled to a decree for one third part of the whole sum received by the defendant, viz. $5,800, with interest.

*Decree accordingly.*