MARGARET COSTELLO *vs.* JOHN F. HAYES.

Middlesex.    March 24, 25, 1924. — May 23, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & WAIT, JJ.

*Release.    Undue Influence.    Fraud.    Evidence,* Extrinsic affecting writing.

At the trial of an action of tort by a woman for personal injuries, the defendant contended that the plaintiff had delivered to him a release and discharge of all demands relating to the cause of action.    There was evidence tending to show that the plaintiff was illiterate and that at the date of the release she was suffering from the permanent effects of an accident which had caused a fracture of the left parietal bone with a compound fracture and laceration of the same region;  that her mental condition was of a low grade;  that an agent of an insurance company which had insured the defendant interviewed the plaintiff after she had retained counsel and said to her, " What is the idea of leaving it go to court?    If it goes to court, and the lawyer wins the case for you, why, he will keep all the money."    It also appeared that at that time a bill for the plaintiff's treatment at the hospital had not been paid, and the agent further said to her that " the hospital would be getting after " her if she did not pay the bill;  and that she believed the statement.    The plaintiff contended that the release was procured from her by undue influence, fraud, and false representations.    There was no question but that the plaintiff read the release before she signed and delivered it and received a cash payment therefor.    *Held,* that

(1) It was proper to exclude questions asked of the plaintiff as to what she thought the defendant's agent meant by his statements when soliciting her to execute the release and what she thought when she received the money as stated in the release;

(2) Statements by the plaintiff as to her intention in signing and delivering the release and as to whether she would have signed if she had known it was a release, and that she did not understand anything further than what she already had answered, were irrelevant and properly were excluded: the plaintiff's signature having been admitted, she could not characterize or describe the contents of the release;

(3) It was proper to exclude a statement of the plaintiff as a witness, that she thought she would be arrested because of language used by the agent of the defendant;

(4) It was proper to exclude a question asking the plaintiff whether she understood that she was precluded by the release " from any further action ";

(5) A question by the defendant of a medical expert, who had testified at length as to the physical and mental condition of the plaintiff, " Would you expect a woman under these circumstances to exert her utmost, exert herself particularly as far as answering questions quickly,

brightly, and that sort of thing, . . . under the circumstances that this examination was made? " properly was admitted within the discretion of the trial judge;

(6) A colloquy between the plaintiff's counsel and the judge, when a request was made by the plaintiff's counsel that the foregoing question be repeated, showed no error of law;

(7) The statement by the defendant's agent as to the unpaid hospital bill was not false and his statement that, if the plaintiff went to trial, counsel would keep the money, was an expression of opinion and not a representation of fact;

(8) A request by the defendant in substance that the acts of the agent of the defendant constituted fraud on his part rendering the release no bar to the action, properly was refused and instructions given by the judge on that subject were without error;

(9) The fact, that the plaintiff did not or could not read the release or did not comprehend its import, was immaterial.

The tone of a trial is not subject to exception, nor can the printed record reproduce the inflections of voice and manner of counsel. Per BRALEY, J.

At the trial above described, a specialist in " radiograph work," who testified in behalf of the plaintiff, was asked by the plaintiff whether there was any doubt as to the correctness of the plate, and answered " that he could not testify as to that." He then was asked, " To the best of your judgment, then, was it a fracture of the left parietal bone? " The judge immediately said to the witness, " You need not answer that question." *Held*, that, while the question well might have been admitted, it could not be said as a matter of law, in view of what the witness already had said, that the plaintiff was harmed by its exclusion.

Upon exceptions at the trial above described, it was *held*, that the record did not disclose that the judge in colloquy with counsel and in ordering him at one time to take his seat exceeded his province, and that no reversible error was shown.

At the trial of the action above described, the burden of proof was upon the plaintiff to sustain the allegations of a replication filed by her as to the invalidity of the release.

The denial of a motion for a new trial, where no rulings of law were made at its hearing, rests in the sound discretion of the judge, and an exception thereto will not be sustained unless a clear abuse of discretion is shown.

An appeal from a denial of a motion for a new trial is not properly before this court before final judgment in the action.

TORT for personal injuries. Writ dated October 9, 1919.

The answer contained allegations that the plaintiff had delivered to the defendant a release and discharge under seal of all demands relating to the cause of action. The plaintiff filed a " replication," alleging therein that the release was procured by undue influence, duress, importunities, and false and fraudulent representations of the agent of the

defendant and of the Travelers Insurance Company, acting in the defendant's behalf; and that the plaintiff was mentally and physically unfit to execute it, and that it was not her free act and deed.

The action was tried before *Hammond*, J.  Material evidence, exceptions saved by the plaintiff, and special questions submitted to the jury and their answers thereto are described in the opinion.  The jury found for the defendant.  The plaintiff alleged exceptions.

*W. A. Lackey*, for the plaintiff.

*L. C. Doyle*, (*C. M. Pratt* with him,) for the defendant.

BRALEY, J.  The plaintiff on July 11, 1919, was struck and severely injured by an automobile owned and driven by the defendant.  The answer among other defences pleaded a release under seal dated September 15, 1919, which purported to discharge the defendant from all liability.  We assume on the record that there was evidence for the jury on the questions of the plaintiff's due care and the defendant's negligence, and that the principal issues were, whether the release which bore the plaintiff's signature was invalid by reason of lack of mental capacity to understand the nature and effect of the instrument, and whether it was procured by the undue influence of Frank J. Perry, a claim agent of the Travelers Insurance Company in which the defendant apparently was insured.  The judge without objection of either party accordingly submitted the following questions to the jury:  " Did the plaintiff have sufficient mental capacity to be capable of making the settlement and executing the release of September 15, 1919 ? . . . Was the execution of the release by the plaintiff procured by the undue influence of the defendant's agents? "  The jury, having answered the first question, " Yes," and the second question, " No," returned a general verdict for the defendant, and the case is here on the plaintiff's exceptions to the exclusion and admission of evidence, and to the refusal of the judge to rule as requested, and to the instructions to the jury.  The exceptions, which are numerous, have been severally and urgently pressed, and we consider them as presented.

While the jury could find, that the plaintiff was illiterate,

and at the date of the release was suffering from the permanent effects of the accident which caused a " fracture of the left parietal bone " with " a compound fracture and laceration of the same region," and that her mental condition was of a low grade, the exclusion of the questions as to what she thought the defendant's agent meant by his statements when soliciting her to execute the release, and what she thought when she received the money, as stated in the release, were proper. It could not be avoided even if the plaintiff had a mistaken conception of its effect. *Rosenberg* v. *Doe*, 146 Mass. 191, 193. *Atlas Shoe Co.* v. *Bloom*, 209 Mass. 563, 569, and cases cited. The further question as to her intention, as well as the question, whether she would have signed, if she had known that the instrument was a release of all claims, or that she did not understand anything further than what she had already answered, were irrelevant. The plaintiff's signature having been admitted, she could not characterize, or describe its contents. *Gold* v. *Boston Elevated Railway*, 244 Mass. 144, 147.

The statement of the plaintiff, that she thought she would be arrested because of the language used by Perry, also was excluded rightly. It also is of no consequence whether the plaintiff understood that she was precluded " from any further action." *McKinney* v. *Boston & Maine Railroad*, 217 Mass. 274, 276.

The plaintiff's medical expert, Dr. Schallenbach, having described at length her physical condition, and mental condition at the time of his examination on September 30, 1919, the defendant's counsel subject to the plaintiff's exception was permitted to ask in cross-examination, " Would you expect a woman under these circumstances to exert her utmost, exert herself particularly as far as answering questions quickly, brightly, and that sort of thing, . . . under the circumstances that this examination was made? " The question at least was within the discretion of the judge, and the colloquy between plaintiff's counsel and the judge when a request was made and denied that the question be repeated presents under the circumstances appearing in the present record no error of law. *Jennings* v. *Rooney*, 183 Mass. 577. *Taylor* v. *Schofield*, 191 Mass. 1, 5.

The plaintiff asked Dr. O'Brien, a specialist in " radiograph work," who had examined plates taken of the plaintiff's head, whether there was any doubt as to the correctness of the plates, to which he replied " that he could not testify as to that." A further question was then asked, " To the best of your judgment then was it a fracture of the left parietal bone? " The judge immediately said to the witness, " You need not answer that question," and the plaintiff excepted. The question well might have been admitted, but in view of what the witness had previously said we cannot hold as matter of law that the plaintiff was harmed. *Garland* v. *Boston Elevated Railway*, 210 Mass. 458, 460.

The plaintiff's counsel complains, that the general conduct and attitude of the trial judge, and especially the order of the judge to her counsel that he take his seat, tended to prejudice the jury, and that the plaintiff did not have a fair and impartial trial. A detailed review of all that took place at intervals during the proceedings would serve no useful purpose. The tone of a trial is not subject to exception; nor can the printed record reproduce the inflections of voice and manner of counsel. We are satisfied after a full examination, that the conduct of the judge did not exceed his province, and that no reversible error is shown. *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495.

We now come to the refusal to give the plaintiff's fifth, eighth, tenth, twenty-second, thirty-eighth, thirty-ninth and fortieth requests. The requests with the exception of the fifth were either based on the recital of portions of the evidence, or were sufficiently covered by the instructions. The execution and delivery of the release were not in dispute. The burden of proof therefore was on the plaintiff, not only to show its invalidity because of undue influence, but also that she was not of sufficient mental capacity to understand it. *Barron* v. *International Trust Co.* 184 Mass. 440, 446, and cases cited. *Farnam* v. *Brooks*, 9 Pick. 212, 220. *Reed* v. *Mattapan Deposit & Trust Co.* 198 Mass. 306, 314. The fifth request however was, " that if they shall find that Mr. Perry, the agent of the insurance company, acting for the interests of the defendant Hayes, knew either

from herself or her husband that she was in a weak state mentally and physically, and if her husband told the said agent to leave the house and to take it up with Mr. Lackey (or their attorney), and the said agent did not take it up with the said attorney but persisted in returning to his house when he was not at home, so that finally he induced her to sign a release at a time when she did not understand the purport of the instrument that she signed, this was fraud on his part, and the release is no bar to this action." It called the attention of the judge directly to the contention of the plaintiff, that the jury were to determine whether the release had been procured by the fraud of Perry. The judge not only declined so to rule, either in form, or substance, but instructed the jury as follows, to which no exception was taken:

" Now there are three causes at least which must be discussed in connection with this case by which in law a release may be avoided. If the release was signed by a person who was not of sufficient legal capacity to sign it because of mental incapacity it may be avoided. In other words, the deed of a certain person, a person who is of unsound mind may be avoided either by him or by his heirs, persons who succeed to his title, so that there is one ground upon which a release may be avoided.

" Another ground upon which a release may be avoided is that it was procured by fraudulent misrepresentations. That is to say, if false statements, material statements are made by a person to obtain a release, which that person knows to be false, which he intends the other to believe and to act on, and if the other does believe those statements and does rely upon them and acts upon them and gives the release to his damage, then if he can satisfy the jury that that was the fact he is entitled to avoid the effect of the release.

" The third way in which a release may be avoided is by a person who has given a release as a result of undue influence. That is to say if a person — if the execution of the release has been procured by the exercise of undue influence upon another the release may be avoided."

And, subject to the plaintiff's exception the judge further said: "As to the second one, the claim that there were fraudulent statements made by Mr. Perry or some one acting for the defendant, I am of opinion that the evidence is not sufficient to prove or to show any fraudulent statements which would be sufficient to invalidate this release, and I therefore instruct you that the release cannot be avoided on the ground which I mentioned as the second one of the three kinds, that is upon the ground of fraudulent misrepresentations and statements by Perry or by any one else. There is not sufficient evidence which if believed would justify the avoidance of the release on that ground."

The question at issue was, whether the release had been procured by the undue influence of Perry. If the release was procured by undue influence, the act at least imports a constructive fraud. *Whitcomb* v. *Whitcomb,* 205 Mass. 310, and cases cited. *Emery* v. *Emery,* 222 Mass. 439, 441. *Neill* v. *Brackett,* 234 Mass. 367, 370. The controlling principle is the same, whether the question of undue influence is presented as in the case at bar, or in the trial of the admission of a will to probate. *Hoffman* v. *Hoffman,* 192 Mass. 416, 419. There was no fiduciary relation between the parties. To impeach the release on the ground of false representations, it must appear that material statements were made by Perry which he knew were false, and that they were made by him for the purpose of inducing the plaintiff, and did induce her in reliance thereon, to give the release. *Snailham* v. *Isherwood,* 151 Mass. 317. The plaintiff had retained counsel, and if the jury believed her evidence, Perry said to her, "What is the idea of leaving it go to court? If it goes to court, and the lawyer wins the case for you, why, he will keep all the money." It also appeared that the bill for the plaintiff's treatment at the hospital had not been paid, and it could be found that Perry said, that "the hospital would be getting after me [the plaintiff] if I didn't pay the bill"; and that she believed his statement. The sufficiency of the evidence, of course, was for the jury. But whether there was any evidence which would warrant a finding of fraud was for the court. *A. J. Tower Co.* v.

*Southern Pacific Co.* 184 Mass. 472, 476. The statement as to the unpaid bill due to the hospital was not false, and the statement that if the plaintiff won at the trial counsel would keep the money, was the expression of an opinion and not the representations of a fact. We are of opinion that the fifth request was denied rightly, and that the instructions were unexceptionable. *Walsh* v. *Fore River Shipbuilding Co.* 230 Mass. 89, 92.

The instructions as to the mental capacity of the plaintiff to understand the transaction, and its effect upon her rights of action, were sufficiently accurate.

The fact that the plaintiff did not, or could not read the release, or did not comprehend its import was immaterial. *McNamara* v. *Boston Elevated Railway,* 197 Mass. 383. *Secoulsky* v. *Oceanic Steam Navigation Co.* 223 Mass. 465. *Alemian* v. *American Express Co.* 237 Mass. 580.

The denial of the plaintiff's motion for a new trial, where no rulings of law were made at the hearing, rested in the sound discretion of the judge, to which exceptions do not lie unless clear abuse of its exercise is shown, which does not appear on the present record. *Casavant* v. *Sherman,* 213 Mass. 23. *Harrington* v. *Boston Elevated Railway,* 229 Mass. 421. *Murray* v. *Liebmann,* 231 Mass. 7.

The plaintiff also appealed, but the appeal cannot be entertained. It presents no error of law which we can review. *Perry* v. *Shedd,* 159 Mass. 200, 201. G. L. c. 231, § 96.

The entry must be,

> *Exceptions overruled.*
> *Appeal dismissed.*