LORETTO W. MADDEN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 9, 1933. — November 29, 1933.

Present: CROSBY, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* New trial; View; Appellate Division: request for report.
*Jurisdiction. Municipal Court of the City of Boston,* Rule 28 (1932).

After the close of the evidence, the presentation of requests for rulings
and arguments by counsel at the hearing in the Municipal Court of
the City of Boston of an action for personal injuries sustained by a
passenger in a bus owned by the defendant when an axle of the bus
broke, the trial judge, at the request of the defendant, took a view of
the bus, at which he was accompanied by counsel and experts for
both parties and at which he asked certain questions about the axle
and wheel of the bus and observed demonstrations by the defendant's
expert. No objection to such conduct by the judge was taken by
the plaintiff at the view. The judge subsequently found for the
defendant. The plaintiff filed a motion for a new trial based in part
on the ground that the judge improperly heard evidence at the view.
The motion was denied. Upon appeal by the plaintiff to this court
from an order by the Appellate Division dismissing a report by the
trial judge, it was *held,* that the contention as to the improper hear-
ing of evidence at the view was not open to the plaintiff because he
at that time had not objected thereto and requested a report thereof
in conformity to Rule 28 of the Municipal Court of the City of Boston
(1932).
It *was stated* that it was within the inherent power of the judge of the
Municipal Court to take the view above described at a place outside
the territorial jurisdiction of the court.
It *was stated* that there was nothing prejudicial to the plaintiff in what
occurred at the view above described.
Following a finding for the defendant at the hearing of an action for
personal injuries in a municipal court, the plaintiff filed a motion
for a new trial based on the ground of newly discovered evidence.
At the hearing of the motion, the trial judge heard new testimony and
arguments on a new theory of negligence. The motion was denied.
*Held,* that no abuse of discretion nor error was shown in the denial.
Matters susceptible of being raised at the hearing of an action in a munici-
pal court cannot as of right be raised for the first time at the hearing
of a motion for a new trial.

CONTRACT OR TORT. Writ in the Municipal Court of the
City of Boston dated November 27, 1931.

The action was heard in the Municipal Court by *Brackett, J.*, who found for the defendant. A motion by the plaintiff for a new trial was denied. Proceedings in the Municipal Court are described in the opinion. A report to the Appellate Division was ordered dismissed. The plaintiff appealed.

*B. J. Killion*, (*E. Donovan* with him,) for the plaintiff.

*J. J. O'Hare, Jr.*, for the defendant.

WAIT, J. The plaintiff appeals from an order of an appellate division dismissing a report. She was injured on July 13, 1931, in Malden, while a passenger on a bus owned and managed by the defendant street railway. She brought suit in the Municipal Court of the City of Boston counting upon negligence of the defendant or its servants. After the close of evidence, the presentation of requests and arguments of counsel, the trial judge, on motion of the defendant, went from Boston to the defendant's garage in Medford and there viewed the bus concerned in the accident. The garage is situated outside the territorial jurisdiction of the court. He was accompanied by counsel for the plaintiff and defendant, by the defendant's foreman who had testified at the hearing, and by one Long, called as an expert automobile mechanic by the plaintiff, who also had testified at the hearing. At the hearing there was evidence that the axle of the bus had broken somewhere inside the wheel, the left rear double wheel had rolled away, and the bus had then bumped along on the street surface for a distance of more than one hundred feet before stopping. Witnesses described the appearance of the broken axle at the point of the break.

At the view after the wheel then on the bus had been taken off and the axle exposed, the trial judge asked the foreman where the break of July 13 had occurred. The foreman indicated a point on the axle: and, in answer to the judge's question whether the wheel could have come off had the break been further in on the axle, answered "No," and demonstrated, pointing out where the drum was attached and saying, "If the break occurred inside this drum the wheel would not come off." The judge asked

the foreman where the broken axle was. The foreman went away and returned with a new axle which he laid on the floor and said: "This is a new axle and just the same as the axle which broke on July 13, 1931." He said he did not know where the broken axle was and could not find it, to which the judge replied: "It is unfortunate, but I am not finding that you cannot find it on purpose." The judge asked a few further questions as to how the wheel was attached to the bus. No objection nor exception was raised or taken by either counsel at the view to the conduct of the judge; and no questions were asked by either of them.

The judge gave all rulings requested by the plaintiff; found specially: "I find as a fact that the accident was due to the breaking of an axle owing to a latent defect therein, which could not have been discovered by a most careful and thorough examination. See Ingalls *v.* Bills, 9 Met. 1."; and found for the defendant.

In due course, the plaintiff filed a motion for new trial assigning as reasons that the finding (1) was against the evidence, (2) was against the evidence and the weight of the evidence, (3) was against the law, and (4) resulted in a failure of justice. Later she added as reasons by amendment (5) that the court was in error and without jurisdiction to hear evidence on the view taken at Medford, and (6) upon the ground of newly discovered evidence. At the hearing she filed many requests for rulings. She called one Orcutt, an inspector of buses for the department of public utilities of the Commonwealth, who was examined at great length on direct and cross-examination and was questioned by the judge. He testified that he had examined the broken axle in the course of his duty and he described the break. His description differed from any given at the trial. In his opinion the break was due not to a latent defect but to a condition of construction and assembly of the rear axle common to all buses of the model of the bus in question, which resulted in many and frequent breaks of axles, so many and so frequent that a different build of axle was being made by the White company. He testified that no one could tell how long a new and perfect axle would last.

If the strain possible owing to its mechanical makeup occurred, the axle would go, the wheel would come off, the chauffeur would lose control, and the bus must bump along until it stopped. The snapping off of the rear axle has been the one weak spot in the model 50-A White bus. Nevertheless the department had approved buses of that model for use by the defendant; although the defendant was getting rid of buses of this model as they wore out.

Further testimony by the expert Long, who had testified at the trial, was introduced supporting the statements of witness Orcutt as to the general experience of users of the White buses model 50-A with regard to the snapping of rear axles. Orcutt testified he had discussed this experience with the superintendent of equipment of the defendant and with the foreman; and said: "There is nothing, to my mind, in any way, shape or manner, in this case, where the Boston Elevated Railway was at fault."

The request for rulings related to matters open upon the evidence actually introduced at the trial, except 1, 2, and 14 which dealt with the alleged improprieties of the view.

The motion for new trial was denied.

We find no error in the order dismissing the report. The plaintiff contends that evidence was taken at the view wrongfully, and that the motion for new trial was wrongfully denied.

The first contention, properly, is not open. The view was part of the proceedings at the trial. If the plaintiff wished to question the validity or effect of any action taken there, it was her duty to object at the time and claim a report. Rule 28 of the Municipal Court of the City of Boston (1932). This she did not do. She cannot, after the decision, raise the question for the first time. *Ryan v. Hickey*, 240 Mass. 46. Had objection been made it is possible that no question would have been asked. We do not mean to imply that the judge's conduct was improper. The plaintiff, in her brief, states that no objection to the view is made merely because it was taken of a place outside the territory within which the court has jurisdiction. The power to inform itself by a view, within or without

the territory of its jurisdiction, is inherent in a court at common law. Wigmore, Evidence, §§ 1162, 1163, and notes thereto. *Commonwealth* v. *Gedzium*, 259 Mass. 453.

In this Commonwealth the power is conferred by statute, G. L. (Ter. Ed.) c. 234, § 35, upon courts sitting with juries, in language broad enough to avoid any implication that it is confined to jury cases and to courts which sit with juries. Compare *Sargeant* v. *Traverse Building Trust*, 267 Mass. 490, 495. There was no taking of evidence by which the right of the parties to cross-examine a witness has been lost (compare *State* v. *Perry*, 121 N. C. 533) and no holding of court in the sense reprobated by the decision in *Commonwealth* v. *Handren*, 261 Mass. 294. The judge merely obtained what was necessary to enable him to understand fully what he had seen and to correlate the things seen with the evidence which he had heard. Counsel were present, each with an expert at his elbow. The plaintiff's counsel made no objection and noted no exception. We can find nothing in what was done prejudicial to the full rights of the plaintiff. There was no waiver by the plaintiff; but there was a failure to assert her right, if any, at a time when such assertion was essential to the preservation of such right as she may have had. Compare Rule 28 of the Municipal Court of the City of Boston (1932).

The law is well settled that whether or not a new trial shall be granted on the ground of newly discovered evidence rests in the sound discretion of the presiding judge, and that his decision will not be overturned by an appellate court unless an abuse of discretion appears or the refusal will result in manifest injustice. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 495, *et seq.* No abuse of discretion is made out. The report, on the contrary, creates the feeling that, in fact, there was a retrial, in substance, and that a new body of fact and a new line of argument on the nature of the negligence were considered and passed upon by the judge in deciding to refuse the application and abide by his original decision. He was satisfied with his finding and the ground on which it rested. New matter was presented; but no sufficient reasons appear why it was not discovered

earlier and presented at the trial. We are not bound by the intimation of the judge at the hearing that he did not think he should rest his decision on that ground. He left the matter open for himself and for us. No request was made that he rule definitely at that time.

It is equally well settled that matters open at the trial will not support grounds of objection not then raised but presented for the first time on motion for new trial. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 24, 25. For this reason we need not discuss the arguments addressed to us with reference to the finding of latent defect, or the requests for rulings other than 1, 2 and 14 already dealt with.

In substance the plaintiff has tried her case on the evidence she chose to present, without objection to the conduct of the view. After a decision against her she wishes to try it again on other evidence and a new theory of negligence, which, so far as appears, she could have had and relied upon at the earlier trial (and which does not change the mind of the trial judge). When the decision was rendered she had no pending requests for a report and no grounds for one. She has gained no new rights by her motion for new trial. The finding manifestly was not against evidence and law; it did not result in injustice; there was no prejudicial error at the view, even if complaint on that ground was open to her; and in denying the motion on the ground of newly discovered evidence there was no error.

*Order dismissing report affirmed.*