Wilson, J.
This is an action of tort in which the plaintiff seeks damages for personal injuries sustained by her as a result of negligent and unskillful manner in which the defendant dressed the hair of the plaintiff. The defendant’s answer was a general denial, contributory negligence, and that the plaintiff made an agreement, in writing, to assume the risk and waive any cause of action which might accrue to her against the defendant as a result of the treatment given her by the defendant.
At a trial there was evidence tending to show that the defendant operated a beauty shop to which the plaintiff went to obtain a permanent wave treatment to her hair, for which she paid the defendant the price asked; that she sustained injuries as the result of the negligence of 'the defendant; that after the plaintiff’s hair had been washed and she was waiting to receive the rest of her treatment, the *272 defendant asked her to sign her name in a book, that she did so not knowing what the book contained. The book contained the following agreement:
AGREEMENT
I, Grace Murray, for (1) dollar and other valuable consideration agree to do the following: a permanent wave, using due care and skill.
In Consideration of the above I agree; that the above described treatments and/or services are accepted at my own risk, and I hereby release the said Grace Murray from any and all claims, demands, or causes of action that I may now have or that may accrue to me as a result of the performance of the above described services and/or treatments, in contract or tort or other form whether due to negligence on the part of the said Grace Murray, or her agents, servants, or employees or to any cause whatsoever, and in consideration of the above I hereby waive any cause of action that may accrue to me against Grace Murray, or her agents, servants or employees, at law or in equity as a result of the performance of the aforementioned services and/or treatments, whether due to fault on the part of the said Grace Murray, her agents, servants or employees, or to any cause whatsoever.
And, that I, the undersigned, do hereby agree that in the event that any cause of action is brought against the said Grace Murray, her agents, servants, or employees for any cause, by any person, at law or in equity, as a result of the aforementioned treatments and/or services, that I will hold the said Grace Murray harmless and indemnified against any injury, loss or damage as a result therefrom.
Witnesseth, that this agreement is binding on the heirs, administrators, or executors of the parties hereto.
Witness our hands and seals this day of 193 .
(Signed) Anna MaoKenzie.
*273 The trial court found the defendant negligent and the plaintiff free from contributory negligence. He ruled that the plaintiff could not maintain the action because of the covenant and release signed by her and above set out, and found for the defendant.
The plaintiff seasonably presented thirteen requests for rulings. Those now material are the seventh, which the trial judge denied because he “found no fraud or misrepresentations on the part of the defendant,” and the eighth, ninth, tenth, eleventh, twelfth and thirteenth, all of which he denied without comment.
7. That if the plaintiff did sign any written or printed instrument as alleged by the defendant in this cause the same was signed by misrepresentations or fraud on the part of the defendant and it is not a bar to the plaintiff recovering in this action.
8. If the court finds that the plaintiff did sign a written or printed instrument as set forth by the defendant in this action there was no consideration for the same and it is not a bar to recovery in this action.
9. If the court finds that the plaintiff did sign a written or printed instrument as set forth by the defendant in this action and did receive burns which caused injuries to the plaintiff while receiving a permanent wave, then the defendant did not carry out her part of the agreement; failed to use due care and sldll and the instrument is not a bar to recovery in this action.
10. If the court finds that the plaintiff did sign a written or printed instrument as set forth by the, defendant in this cause of action whereby the plaintiff released the defendant her agents or servants from the liability of injuries caused by the negligence of the defendant her agents or servants, such agreement would be against public policy and invalid insofar as it purported to exonerate the defendant, her agents or servants from liability for the negligence on the part of the defendant or her servants.
,11., Upon the law the plaintiff is entitled to recover in this action.
12. Upon the facts in this case the plaintiff is entitled to recover in this action.
*274 13. Upon the law and evidence the plaintiff is entitled to recover in this action.
The seventh request was rightly denied. Credibility of witnesses who testified at the trial, including the plaintiff, presented a question of fact for the trial judge. He was not bound to believe the plaintiff regarding the purpose and contents of the book or paper she was asked to sign. Murnane v. MacDonald, Mass. Adv. Sh. (1936) 1581, 1587, Comstock v. Bowles, Mass. Adv. Sh. (1936) 1781, 1984, and cases cited. Whether the plaintiff was led to'believe the purpose of the paper was other than it was represented to be was also for the trial court in his fact finding capacity. Wax v. McGrath, 255 Mass. 340, 345. McNamara v. Boston Elevated Railway, 197 Mass. 383. Costello v. Hayes, 249 Mass. 349.
The ninth request was also properly denied. The agreement of release and of indemnity, signed by the plaintiff, were as much an inducement for the performance of the work by the defendant as the cash paid by her. The performance of the work was1 a sufficient consideration to support the agreement.
Nor is such an agreement void as against public policy.
In Clarke v. Ames, 267 Mass. 44, 47, where a lease provided that the lessee should indemnify the lessor from any claim arising from the negligent use of the elevator, it was said:
“There is no rule of general application that a person cannot contract for exemption from liability for his own negligence and that of his agents.”
And in Blanchette v. Union Street Railway, 248 Mass. 407, 413, where the plaintiff was injured by diving into shallow water, the court said:
“Undoubtedly it was within the right of the defendant to define its obligation by such a warning sign as was *275 posted in this ease, and thereby limit its duty to its patrons.”
See also Kushner v. McGinnis, 289 Mass. 326, 331, where the plaintiff was injured on a chute in an amusement device, known as the “Dragon Pit,” and Brennan v. Ocean View Amusement Co., 289 Mass. 587, 594, where the plaintiff was injured on a-n amusement device, known as the “Derby Racer,” the court ruled that .whether the limitation upon the ticket was sufficiently brought to the notice of the plaintiff to limit the liability of the defendant was a question of fact and in the latter case, at page 594, the court reiterated the rule in Blanchette v. Union Street Railway, supra, and said:
“We assume in favor of the defendant that, as it was not bound to invite the plaintiff at all, it could impose conditions and limitations upon the invitation which it did in fact extend to him, and that he would be bound thereby, if they were brought to his attention in such a manner that a person of ordinary intelligence in his position would have known of and understood them.”
In the instant case the plaintiff, without fraud or misrepresentation, signed the instrument containing the limitation of the defendant’s liability. Under such circumstances it could not be said knowledge of such limitation was not properly brought home to her.
Prom what has heretofore been said, it follows that the remaining requests were rightly denied.
No prejudicial error appears in the record before and the report is dismissed.