VINCENZO FALLOVALLITA *vs.* WADSWORTH J. JOHNSYN.

Worcester.    September 25, 1944. — October 24, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Negligence*, Motor vehicle, Use of way.

A finding of negligence of the operator of an automobile was warranted by evidence that without slackening speed he drove it into an intersection of streets where it struck with great force another automobile which had entered the intersection before him from his left, had the right of way and had almost crossed the intersection.

TORT. Writ in the District Court of Fitchburg dated February 20, 1941.

Upon removal to the Superior Court, the action was tried before *Beaudreau,* J.

*M. Rubin,* (*J. C. McDonald* with him,) for the defendant.

*A. J. Kittredge,* for the plaintiff.

DOLAN, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff in a collision of automobiles. The defendant offered no evidence, and at the close of the plaintiff's evidence the judge denied the defendant's motion for a directed verdict in his favor, subject to his exception. The jury returned a verdict for the plaintiff.

There was evidence that would have warranted the jury in finding the following facts. On January 14, 1941, the plaintiff was riding as a passenger in the rear seat of an automobile which was being operated on Main Street in Shirley by one Ingemi. As the automobile approached the intersection of Phoenix Street, it was being operated in an easterly direction on the right side of the road at a speed of about twenty miles an hour. It had almost passed through the intersection when the defendant's automobile, coming from Phoenix Street, struck Ingemi's vehicle on its right front side causing it to overturn. When it came to a "standstill" it was resting on its left side, about two or three feet beyond Phoenix Street. The plaintiff did not see the defendant's automobile approaching until a fellow passenger "hollered 'Look out.'" The latter did not see it "until he was on top of me"; "When he hollered . . . the . . . [defendant's] car was right on top of them." The collision took place between 7 and 8 A.M. The weather and the road were then clear. The view of the operator of the vehicle in which the plaintiff was riding was not obstructed.

No contention has been made by the defendant that the plaintiff was guilty of contributory negligence (see *Keyes* v. *Checker Taxi Co.* 275 Mass. 461, 468; *Elfman* v. *Kronenberg,* 299 Mass. 492, 494), the defendant's sole contention being that as matter of law the evidence was insufficient to warrant the jury in finding that any negligence on his part caused the plaintiff's injury. We do not sustain this contention.

The fact alone that a collision occurs at an intersection of ways is not as matter of law sufficient to establish negligence on the part of either party. While the vehicle in which the plaintiff was riding had the right of way (see G. L. [Ter. Ed.] c. 89, § 8), it was not thereby entitled to an absolute or exclusive right in all conditions. *Brown* v. *Robinson,* 275 Mass. 55, 56. *Bresnick* v. *Heath,* 292 Mass. 293, 297. *Gaines* v. *Ratnowsky,* 311 Mass. 254, 258. *Brule* v. *Union Street Railway,* 315 Mass. 268, 272. In such cases, as in cases of collisions elsewhere, whether a question of fact is presented for the jury depends upon all the circumstances attendant upon the accident.

We are of opinion that in the present case the attendant circumstances disclosed by the evidence presented a question of the defendant's negligence for the jury. They could have found that the vehicle in which the plaintiff was riding at the time of the accident had entered the intersection first, that it was just about to emerge therefrom when it was struck, almost at once, on its right front mudguard by the defendant's vehicle which came into the intersection, and that the impact was of such force as to overturn the automobile in which the plaintiff was riding. The jury also could have found that the defendant's vehicle was driven into the intersection from Phoenix Street without slowing down as required by G. L. (Ter. Ed.) c. 90, § 14, as amended by St. 1938, c. 166, and that the defendant's view was not obstructed, and could infer from the force of the impact that the defendant was operating his vehicle at an excessive rate of speed. The operator of the automobile in which the plaintiff was riding was entitled to rely to a certain extent upon the expectation that the operator of any other vehicle later coming into the intersection would observe the law (G. L. [Ter. Ed.] c. 89, § 8; c. 90, § 14, as amended) and that he would exercise reasonable care to avoid injury to others. *Shockett* v. *Akeson,* 310 Mass. 289, 291. Upon all the evidence the jury could have found properly, as they must have, that the plaintiff's injury was caused by the defendant's negligence.

*Exceptions overruled.*