*Northern District*

No. 4733

**HENRY FALLON, et als**

v.

**WILLIAM J. LANDERS**

(June 21, 1954)

*Eno, J.* These are three actions of tort tried together to recover for personal injuries sustained as a result of the alleged negligence of the defendant. The plaintiff, Henry Fallon, the operator of the automobile in which the other two defendants were passengers, also claims property damage. [Espovich, S. J.]

The defendant, in addition to a general denial, also alleged in his answer contributory negligence of the plaintiffs and the statute of limitations.

At the trial there was evidence tending to show "that on Sunday morning, June 15, 1952, at approximately six o'clock in the morning, the plaintiff, Henry Fallon, was operating an automobile owned by him and duly registered, upon Hampshire Street in Lawrence, Massachusetts, a public way; that the plaintiff, Nellie Fallon, and the plaintiff, Theresa Fallon, were at the time passengers in his said automobile; that the plaintiff, Henry Fallon, upon arriving at the intersection of said Hampshire Street and Park Street, also a public way in said Lawrence, brought his said automobile to a complete stop and the said operator and both of said passengers then looked to their right and their left on said Park Street, and none of them observed any other vehicle approaching said intersection in either direction on Park Street and none of them heard any signal of any approaching ve-

hicle; that the plaintiff, Henry Fallon, then proceeded to drive his automobile through the said intersection in the direction in which he had been going, at a speed of about six miles per hour; that when his said automobile was about three-quarters across the intersection, it was struck at its right rear by an automobile truck constructed and used as a piece of fire fighting apparatus belonging to the City of Lawrence, Massachusetts, and then operated by the defendant, William J. Landers; that the day was clear and visibility very good."

At the end of the trial each plaintiff presented the following requests for rulings:

"1.   That on all the evidence the Court should find as a fact that the defendant negligently, carelessly and unskillfully operated a motor vehicle causing injury to the plaintiffs.

2.   That as a matter of law the negligence of the operator of the plaintiff's car, if any be found, may not be imputed to the other plaintiffs so as to bar their recovery.

3.   That as a matter of law the defendant, even though on an emergency call, must exercise caution and due regard under the circumstances for the safety of persons and property. Mass. General Laws, Chap. 89-7B.

4.   That as a matter of law there is a presumption that the plaintiff was in the exercise of due care, and the defense of contributory negligence must be pleaded and proved by the defendant. Mass. G. L. C. 231, §85."

The trial judge denied the first and allowed the other three requests and *found for the defendant* in each case.

No request for report or draft report was filed by the plaintiffs, and, therefore, the denial of their first request is not before us at this time.

After the Court's decision each plaintiff presented identical motions for new trial for the reasons that the finding was against the evidence, the weight of evidence, and the law, and, after the hearing on said

motions, presented the following requests for rulings:

"1. That the findings are against the evidence.

2. That the findings are against the weight of the evidence for the following reasons:

a) The evidence warrants a finding that the plaintiff while operating a motor vehicle, approached the intersection of Park and Hampshire Streets, in the City of Lawrence, Commonwealth of Massachusetts, acting as a reasonably prudent man and in the exercise of due care.

b) The evidence warrants a finding that the plaintiff suffered injuries to himself and his property because of the negligence of the defendant.

c) The evidence warranted a finding that the plaintiff approached the intersection of Park and Hampshire Streets, in said City, at about 13 m.p.h., and that he slowed down and looked both ways before entering the intersection.

d) The evidence warranted a finding that the plaintiff proceeded through the intersection at six to eight m.p.h.

e) The evidence showed the intersection to be thirty-three feet wide at this point.

f) The evidence warranted a finding that the right rear fender of the plaintiff's car was the point of impact.

g) The evidence warranted a finding that the plaintiff had proceeded three quarters of the way through the intersection before the collision and therefore was the first one in the intersection.

h) The evidence warrants a finding that the plaintiff had the right of way. G. L. c. 89, §8.

i) The evidence warranted a finding that the impact of the collision caused the plaintiff's car to be turned around 180 deg. so that it was facing in the opposite direction to which it had been travelling prior to the collision.

j) The evidence warranted a finding that the defendant's vehicle travelled 39 feet after the collision.

k) The evidence warranted a finding that the defendant's speed was excessive. *Fallovallita v. Johnsyn,* 317 Mass. 153; *Morton v. Dobson,* 307 Mass. 394.

l) The evidence warranted an inference of negligence on the part of the defendant inferred from the circumstances of the collision. *St. Louis v. Bay State St. Ry. Co.,* 216 Mass. 255, 103 N. E. 639.

m) The evidence warrants a finding that the plaintiff was in the exercise of due care.

3. That the findings are against the law for the following reasons:

a) That as a matter of law there is a presumption that the plaintiff was in the exercise of due care. Mass. General Laws, Ch. 231 Sec. 85.

b) That as a matter of law from the facts the plaintiff acted as a reasonably prudent man and was in the exercise of due care. *Fallovallita v. Johnsyn, supra.*

c) That as a matter of law the plaintiff had the right of way. Mass. General Laws, Ch. 89 Sec. 8.

d) That as a matter of law the plaintiff has established a prima facie case entitling him to a recovery *Washburn v. Owens Co.,* 252 Mass. 47, 147 N. E. 564 at 566.

e) That as a matter of law the Court cannot arbitrarily disbelieve the corroborated, uncontradicted testimony of the witness.

f) That as a matter of law if the Court believes the testimony of the witnesses there is sufficient evidence to find for the plaintiff.

g) That as a matter of law negligence of the defendant operator may be inferred from the circumstances without the need of proving the specific act of negligence. *Washburn v. Owens Co.,* supra.

h) That as a matter of law where common experience teaches the accident would not have happened under the circumstances disclosed by all the observed facts, if every person had acted with reasonable care, then the happening of the accident furnishes,

in itself, some proof of negligence. *Washburn v. Owens Co.,* supra.

i) That as a matter of law the evidence required a finding for the plaintiff and a denial of a request for a ruling on the evidence is error. *Perry v. Hanover,* 314 Mass. 617, 50 N. E. 2nd, 41; *Strong v. Haverhill Electric Co.,* 13 N. E. 2nd, 39; 299 Mass. 455.

j) That as a matter of law the Court's denial of the plaintiff's request for a finding on the evidence and the subsequent finding for the defendant must be accompanied by a recital of the findings of fact on which the finding for the defendant was based. *Bresnick v. Heath,* 292 Mass. 293, 198 N. E. 175 at 177."

The court granted requests numbered 2a, b, c, d, g, h and m, and 3c with the notation "but upon all the evidence I find for the defendant", granted those numbered 2e, f, i, j, 3a, g, h, denied those numbered 1, 2k, l, 3b, d, e, i, and j. The court's action on request numbered 3f was: "Upon all the evidence I find for the defendant."

The report states that it "contains all the evidence material to the questions reported" and that each plaintiff claims to be aggrieved "by the denial of said Plaintiff's requests for rulings".

It is to be noted that no report is claimed for the denial of plaintiffs' motions for new trial.

The disposition of such a motion usually rests in sound judicial discretion, *Davis v. Boston Elevated Railway Co.,* 235 Mass. 482, 496-497; *Madden v. Boston Elevated Railway Co.,* 284 Mass. 490, 494; *Nicholas v. Lewis Furniture Co.,* 292 Mass. 500, 505; *Kinnear v. General Mills, Inc.,* 308 Mass. 344, 348-349, and the decision of the trial judge upon such a motion will not be overturned unless it appears there was an abuse of such discretion, *Madden v. Boston Elevated Railway Co.,* 284 Mass. 490, 494, or "unless at the hearing upon such motion some question of law is presented which could not have been raised at the trial on the merits or which could

have been so raised and is entertained by the judge."

C. v. Dascalakis, 246 Mass. 12, 24, 25; Costello v. Hayes, 249 Mass. 349, 356; Malden Tr. Co. v. Perlmutter, 278 Mass. 259, 260-261.

The requests for rulings presented by the plaintiffs at the hearing on their motions for a new trial raised questions of law which might have been presented at the trial on the merits. The trial judge could not have been required to pass on them at the time of the hearing on said motions, but since it appears that he did in his discretion, we consider them on that footing. Lonergan v. American Railway Express Co., 250 Mass. 30, 38-39, and cases collected; Harvard Trust Co., v. Cambridge, 270 Mass. 403, 409; Kelley v. Jordan Marsh Co., 278 Mass. 101, 109.

By the allowance of plaintiffs' requests at the trial, the trial judge correctly instructed himself on the presumption of due care on the part of the plaintiffs, the burden of proof on the defendant to show contributory negligence on their part, and that the contributory negligence of the operator could not be imputed to the passengers, and as to the duty of the defendant.

The mere fact of a collision is not a sufficient basis upon which to rest a charge of negligence. Morton v. Dobson, 307 Mass. 394; Sutherland v. McGee, 329 Mass. 530, and the plaintiffs had the burden of proving the defendants' negligence by a preponderance of the evidence. Callahan v. Fleischman Co., 262 Mass. 437.

It can rarely be ruled as a matter of law that the burden of proof has been sustained, especially when, as in these cases, "the attempt to sustain that burden rests upon oral testimony introduced by the party upon whom the burden rests." McDonough v. Met. Life Ins. Co., 228 Mass. 450, 452.

Such a collision at an intersection presented questions of fact as to the due care and contributory negligence of the plaintiffs and the negligence of the defendant, Mahoney v. Norcross, 284 Mass. 153;

*Ferreira v. Zaccolanti,* 281 Mass. 91, 92, and these questions were for the trial judge, *Palomebella v. Foss,* 277 Mass. 143, 144, who was not bound to believe the uncontradicted evidence of the plaintiffs, *Ashapa v. Reed,* 280 Mass. 514, 517.

There was no prejudicial error in the denial of the plaintiffs' requests and motions for new trial, and the report in each case is to be dismissed.

John J. Willis, for the plaintiff.

James P. Kane, City Solicitor, for the defendant.