*Northern District*

No. 4921

## CONLON'S AUTO SERVICE

v.

## EDMUND H. CORRIGAN

(September 25, 1956)

*Connelly, J.* In this action of contract the plaintiff seeks to recover in three counts, for money had and received by the defendant for the use of the plaintiff; for gasoline and oil sold by the plaintiff to the defendant; and for services not rendered by the defendant. The answer is a general denial.

The report states that it contains all the evidence material to the question reported, but it is confusing and indefinite in some respects. It appears that there was evidence tending to show that the plaintiff was an employee of one Conlon, owner of Conlon's Auto Station, in 1951, when Conlon was called to service in the Marine Corps; that the plaintiff at that time was employed by Conlon to run the gas station; that the defendant was hired to audit the books and was given money to pay certain bills of the business for which he receipted; that the defendant failed to pay said bills and kept the money and that the plaintiff paid said bills in the amount of $347.00 out of the business receipts; that the defendant never did audit the books; that two years later in 1953 the plaintiff ceased to be employed by Conlon and leased the station from him; that in the accounting the plaintiff

was charged with the money that had been given to the defendant to pay said bills.

There also was evidence tending to show that the defendant was never an accountant; that he had never received any money from the plaintiff with which to pay any bills; and that he never received any payment for auditing the books of the plaintiff.

The plaintiff seasonably filed certain requests for rulings of which the following are the only ones material to the matter reported in this case:

"2. The defendant represented himself to the plaintiff as a bookkeeper, as a result of which the plaintiff relied upon the defendant to audit the books of Conlon's Auto Station.

3. Even though the defendant was paid monthly by the plaintiff for said audit, the defendant made no attempt to make said audit.

4. The plaintiff was forced to engage the services of an accounting firm, paying said firm thirty dollars per month for a period of twelve, because of the failure of the defendant to do said auditing for which he was paid.

5. The plaintiff by his daily petty cash accounts and by receipts has sustained the burden of proving that he paid his creditors a sum in excess of three hundred dollars for which he had paid the defendant to pay said creditors.

6. The defendant has converted to his own use money of the plaintiff, in excess of three hundred dollars, which the plaintiff paid to the defendant for satisfying certain creditors of the plaintiff."

The Court denied plaintiff's requests for rulings 2 to 6, inclusive, and found for the plaintiff on Count 2, and for the defendant on Counts 1 and 3.

The plaintiff filed a motion for a new trial, based upon the following:

"1. For newly discovered evidence to be given by Major Thomas Conlon, Jr., to the effect:

(a) The defendant made no report to said Conlon.

(b) The defendant did receive certain sums of money from the plaintiff to pay certain creditors of the plaintiff.

(c)    The defendant receipted for said sums of money on each creditor's statement for money owed by the plaintiff.

(d)    The plaintiff paid each creditor twice; once to the defendant who did not pay the creditors and then to the creditors directly.

2.    Under Rule 26 of the District Courts to prevent a failure of justice."

The Court denied the motion for a new trial.

The plaintiff's requests for rulings are nothing more than requests for findings of fact. The Court committed no error in denying them. A court is under no obligation to make any findings of fact, whether requested by the parties or either of them. *Davis v. Boston El. Ry.*, 235 Mass. 482. Furthermore, the report states that the requests were inconsistent with the facts found.

The motion for a new trial is based on newly discovered evidence. The report does not disclose that any affidavits to support the motion were filed nor does it appear whether the evidence was available at the time of the trial or whether by the exercise of reasonable diligence it could have been made available. *Deluca v. Boston El. Ry.*, 312 Mass. 495, 497. *Madden v. Boston El. Ry.*, 284 Mass. 490. As a rule a new trial will not be granted on the ground of newly discovered evidence which goes only to impeach the credit of a witness at the trial. *DeLuca v. Boston El. Ry.*, 312 Mass. 495, 500. Even though the newly discovered evidence would justify a different finding a motion for a new trial may be rightfully refused. *Powers v. Bergman*, 210 Mass. 346. Whether a new trial shall be granted on the grounds of newly discovered evidence rests in the sound discretion of the Court. *Madden v. Boston El. Ry.*, 284 Mass. 490. A motion for a new trial is not to be granted unless on a survey of the whole case it appears to the Court that a miscarriage of justice will otherwise result. *Davis v. Boston El. Ry.*, 235 Mass. 482.

No abuse of discretion is shown in this case. As the Court did not err in denying plaintiff's requests for rulings 2 to 6, inclusive, and the motion for a new trial, the Report is to be Dismissed.

Herbert Lord, for the Plaintiff.

James E. Henchey, for the Defendant.

*Northern District*